McClure et al. *v.* Douthitt et al.

Testator devised to his "daughter M., wife of F.," thus: "In short, my will is, that F. and M., my son-in-law and daughter, have my share of that land." M. takes the fee. Husband conveyed his wife's land, receiving another tract from the grantee at the same time; the wife not acknowledging the deed. The wife declared herself pleased with the exchange, and the grantees made valuable improvements. The heirs of the wife are not estopped in equity; *first*, on account of the merger of the separate existence of the wife in that of the husband; *second*, because there was no evidence she was acquainted with her title, which is not to be assumed to visit her with a fraud; and *thirdly*, because there was no suggestion of falsehood on her part, but, at most, silence, which cannot affect a *feme covert*.

In error from the District Court of Allegheny county.

*Sept.* 21. In 1803, Alexander McClure, by his will, reciting that he had given to his sons their share of the land, and that there remained one-half of the tract he and his son William lived on; devised the same to his "daughter Margaret, wife of Francis McClure, to be divided according to the conveyance" he had given William. "In short, my will is, that Francis and Margaret, my son-in-law and daughter, have my share of that land." The testator had previously conveyed an undivided half of the land, excepting the houses, to his son William.

In 1805, Francis McClure and Margaret his wife, by deed, conveyed the undivided half "left to Margaret by the will of Alexander McClure," to William McClure in fee, with a clause of gene-

ral warranty by Francis McClure and Margaret his wife, for themselves and their heirs. This deed was not acknowledged by Margaret McClure. On the same day, and for the same consideration, William McClure and wife (the wife not acknowledging the deed) conveyed a tract to Francis McClure. It was proved that the transaction was an exchange between Francis and William McClure, and that both parties entered and continued in possession under their conveyances until the death of Francis, about 1843; and that William McClure had conveyed to the defendants. It was also proved that the defendants had improved their farms, and erected buildings on them; and there was evidence that Mrs. Margaret McClure had expressed her satisfaction with the exchange made by her husband.

Mrs. McClure died before her husband, and the plaintiffs were her heirs, and children of Francis McClure.

The court (LOWRIE, J.) directed a verdict for the plaintiffs for eight-ninths of the land; but whether the heir-at-law of Mrs. McClure was one of the plaintiffs on whom the collateral warranty descended, could not be ascertained from the paper book.

*Loomis, Metcalf*, and *Forward*, for plaintiffs in error.—There has been a construction put upon this will by the parties themselves for forty years, which should be conclusive upon them; Cooke *v*. Booth, Cowp. 819; Attorney-General *v*. Parker, 3 Atk. 577; Smith *v*. Bell, 6 Peters, 75. The difficulty in the will arises from the fact that two estates are given. In the first instance but a life-estate is devised to Mrs. McClure, there being no words of limitation which at that time were essential; and subsequently the fee is devised to Francis McClure and wife, which vested absolutely in the survivor; Morrison *v*. Semple, 6 Binn. 97; Stopford *v*. Stopford, 5 East, 501. By the word share, the fee passed without question; French *v*. McIlhenny, 2 Binn. 13; Neide *v*. Neide, 4 Rawle, 75; Hamm *v*. Meisenhelter, 9 Watts, 349. But, apart from the will, the defendants are protected by the acts of Mrs. McClure. It is immaterial whether she was covert or not; her moral responsibility remained. And as she would be liable for deceit, or other fraud, so is she estopped thereby; 1 Story's Eq. sect. 385, 387; Sug. Vend. c. 16; Carr *v*. Wallace, 7 Watts, 394. But the plaintiffs are bound by the warranty which, as regards this estate, is collateral; Eshelman *v*. Hoke, 2 Yeates, 509; Jourdan *v*. Jourdan, 9 Serg. & Rawle, 268; Co. Litt. 376 a; Jackson *v*. Wright, 14 Johns. 194;

Jackson *v.* Hubble, 1 Cow. 617; Jackson *v.* Bradford, 4 Wend. 622; Co. Litt. 385 a.

*McCandless* and *Woods*, contrà.—The case has once been decided on all the points; 3 Barr, 446. The construction there given to the will is in accordance with authority; Constantine *v.* Constantine, 6 Ves. 102, 2 Paig. 130; Griffith *v.* Woodward, 1 Yeates, 319; Steele *v.* Thompson, 14 Serg. & Rawle, 92; Haines *v.* Witmer, 2 Yeates, 408. It is in accordance with the rule of descent; and that is not to be varied from but in the clear intent to disinherit the heir; Clayton *v.* Clayton, 3 Binn. 488. The rule of equitable estoppel cannot prevail. Both parties were equally informed of the title; and Mrs. McClure did no act which could mislead the party; 1 Story's Eq. sects. 385–387.

*Sept.* 25. GIBSON, C. J.—Respect for the counsel on the part of the plaintiff in error has induced us to reconsider the opinion we gave when the cause was here before; but notwithstanding his impressive argument, our judgment is unchanged. Not only the legal, but the actual, intention of the testator seems to have been fulfilled by it. Nor is the point of equitable estoppel better sustained. As a wife's civil existence is extinguished in that of her husband, who is her substitute and representative, she can do, or forbear to do, no act to affect her property, unless it has been settled to her separate use. So far is the principle carried, that she is not liable for a trespass, or punishable for a crime, except the higher felonies, committed in his presence and with his concurrence. At one time, it is true, the common law was relaxed in this respect, by allowing her, in certain cases, to be sued as a feme sole; but it was restored to its former stringency by the decision in the great case of Marshall *v.* Rutton, 8 Term Rep. 547, which conclusively established that she is incapable of acting as a feme sole; and in this respect, says Mr. Justice Story, (Equity Jurisprudence, § 243,) equity generally follows the law. When she is sued and arrested as a feme sole, without having been guilty of misrepresentation as to her capacity, the court relieves her, on motion, by discharging her on common bail; but in Waters *v.* Smith, 6 Term Rep. 451, as she had contracted the debt in the guise of a feme sole, the court refused to interfere, but left her to plead her coverture in bar. I know of no other case in which the fraud of a married woman was made the object of judicial animadversion; and even in that, the interference of the court was withheld, because it consisted in the suggestion of a falsehood, and not in the

suppression of a truth. And in that case, too, the court merely refuse its favour. In this, it is not those who claim under her that are asking for the extraordinary interposition of a Court of Equity. Now, Mrs. McClure was not only a feme covert during the silence, with which it is attempted to affect her heirs; but, so far as we know, utterly ignorant of her title. Though every one is presumed to know the law, the presumption is not to be set up to affect any one with actual fraud. In Robinson *v.* Justice, 2 Penna. Rep. 19, it was said that fraudulent concealment of title cannot be imputed to one who was ignorant that he had any title to conceal; and it is not to be supposed that Mrs. McClure was aware of the restricted effect of her father's devise which required two solemn decisions of this court to settle the interpretation of it. On both these grounds, therefore, this case is with the defendant in error; and the question as to the effect of the warranty as an estoppel, does not arise on the record.

Judgment affirmed.