# CASES DETERMINED

IN

# THE SUPREME COURT,

## APRIL TERM, 1859.

BARKER *v.* KONEMAN *et als.*

13   9
98 469

13   9
109 671

13   9
115 669

13   9
142 122

A DEED by a husband of his separate real estate to a Trustee, for the benefit of his wife, whether executed in compliance with an ante-nuptial contract, or by way of settlement upon his wife independent of any previous contract, the husband being at the time free from debts and liabilities, is valid.

A nominal consideration stated and the operative words of transfer—grant, bargain, sell, and convey—do not change the character or object of the deed.

*Semble,* that the husband, being free from debts and liabilities, may convey his separate property, as a gift, directly to his wife, without the intervention of a Trustee.

The law allows, and even regards with favor, provisions made by the husband, when in solvent circumstances, for his wife and family, against the possible misfortunes of a future day, by setting apart a portion of his property for their benefit.

APPEAL from the Sixth District.

Ejectment to recover a lot situated in the city of Sacramento. The plaintiff claimed under a deed from Wm. M. Carpenter, executed on the 16th of December, 1857.

On the 15th of June, 1853, said Carpenter executed a deed of the lot in controversy to John Brannan, as Trustee, for the benefit of his wife, Mary Ann Carpenter. This deed recites that on the 9th of July, 1852, a marriage was solemnized between said Wm. M. Carpenter and wife, and "that upon the treaty of said marriage, and in consideration thereof, it was stipulated and agreed between the said parties, that the sum of ten thousand dollars out of the real property of the said Wm. M. Carpenter

2

should be secured to the said Mary Ann and her heirs, in order to form a separate and independent competency for her, not subject to the authority, disposal, control, or management, of her said husband;" and purports to be executed " in order to carry the said agreement more effectually into execution, and to make the same valid in law and to secure the said sum of money to the said Mary Ann and her lawful heirs, so that the same shall not be in the power or disposal of her said husband," and for the further consideration of ten dollars, received from Brannan, the Trustee. The words of transfer used by the grantor in the deed are, that he " hath granted, bargained, sold, and conveyed, and, by these presents, doth grant, bargain, sell, and convey," the premises to the Trustee, etc. In December, 1854, Badlam, one of the defendants, was substituted Trustee in place of Brannan, by consent of all parties to the deed and by order of the Sixth District Court.

The plaintiff was a nominal party to the suit. He never gave any consideration for the property, and took the deed at the request of his Attorney, with an agreement, in case of recovery, to convey the property to such party as the Attorney might name. It was admitted that Wm. M. Carpenter, on the 15th of June, 1853, was the owner of the lot. It was his separate property, and at the time of executing the deed to the Trustee he was free from debts and liabilities. Mrs. Carpenter received the rents of the lot from December, 1853, to September, 1856, and Badlam, as Trustee, was in possession from his appointment. The defendants, Koneman and Murray, were tenants under the Trustee. The defendants relied on the trust deed and recovered judgment, and the plaintiff appealed.

*Moore & Hermance*, for Appellant.

*Jos. W. Winans*, for Respondent.

FIELD, J. delivered the opinion of the Court—BALDWIN, J. concurring.

The deed of Carpenter, bearing date in June, 1853, recites that the marriage between himself and wife was solemnized in July of the year previous; and that by the treaty of marriage, and in consideration thereof, it was stipulated that the sum of ten thousand dollars should be secured to her out of his real

property, in order to give her a separate and independent competency, not subject to his disposition or management; and purports on its face to be executed to the Trustee designated therein for the purpose of carrying into effect this stipulation. The nominal consideration of ten dollars and the operative words of transfer—grant, bargain, sell, and convey—do not change the character or object of the conveyance. Nor is it material whether it was executed, as it purports, in compliance with the ante-nuptial contract. It would be equally valid if made by way of settlement upon the wife, without reference to any antecedent stipulation. The husband was at the time free from debts and liabilities. The property was his separate property, in which the wife possessed no interest, and over which he had the absolute power of disposition. He could even have conveyed it as a gift directly to his wife, without the intervention of a Trustee. (Act defining the Rights of Husband and Wife, Sec. 1.) The law allows, and even regards with favor, provisions made by the husband, when in solvent circumstances, for the wife and family against the possible misfortunes of a future day, by setting apart a portion of his property for their benefit.

The deed of the Trustee, Brannan, passed upon its delivery the estate of Carpenter, and the plaintiff took nothing by, as he paid nothing for, the deed, subsequently executed to him.

Judgment affirmed.