The opinion of the Court was drawn up by
Appleton, C. J.
By the common law the husband Cannot convey by deed to the wife. He must do it by the intervention of a third person. Martin v. Martin, 1 Greenl., 394. Nor can the wife convey to the husband. Rowe v. Hamilton, 3 Greenl., 63. She is deemed sub potestate viri and incapable of contracting with him. All contracts between them were void. '
By Act of 1847, c. 27, a conveyance of land by a husband to his wife directly passes the title, except as against the creditors of the husband. Johnson v. Stillings, 35 Maine, 427.
The deed from the defendant to her husband, bears date 29th Sept., 1856.
The question first presented is, whether a wife can convey by deed directly to her husband, as, it has been seen, he can to her. The common law forbids and annuls such a conveyance. Is it authorized by any statutory enactment ?
By the Act of 1844, c. 117, § 2, it is enacted that "when any woman possessed of property, real or personal, shall marry, such property shall continue to her, notwithstanding the coverture, and she shall have, hold and possess the same, *373 as her separate property, exempt from any liability for the debts or contracts of her husband.” By § 3, "any married woman possessing property by virtue of this Act, may release to the husband the right of control of such property, and he may receive and dispose of the income thereof, so long as the same shall be appropriated for the mutual benefit of the parties.”
By the common law, the husband becomes entitled to the goods and chattels of the wife and the rents and profits of her lands. This statute was designed to protect the wife in the enjoyment of her separate estate. The wife could not constitute an attorney or appoint an agent. Whitman v. Delano, 6 N. H., 543; Sumner v. Conant, 10 Vt., 9. But she may need the aid of her husband in the management and contract of her estate. She is enabled to confer on him a limited control over her property by ch. 117, § 3. This simply permits the wife to release to the husband the control of her property and the disposition of its income so long as he shall appropriate the same for the mutual benefit of the parties, and by necessary implication, no longer.
So by the common law, if the wife at the time of marriage was seized of an estate of inheritance, the husband upon marriage becomes seized of the freehold jure uxoris, and. takes the rents and profits during their joint lives. 2 Kent’s Com., 110. He sues in his own name for an injury to the profits, in his own name and in that of his wife’s for an injury to the inheritance. A lease by a married woman of land, held in her own right, is void. Murray v. Emmons, 19 N. H., 483. She cannot bind herself by an ex-ecutory contract to convey land, though' her husband join with her. Ex parte Thornes, 3 Grconl., 150. The husband’s life estate in his wife’s land may be levied upon. Litchfield v. Cudworth, 15 Pick., 23; Babb v. Perley, 1 Greenl., 16. The husband by marriage becomes entitled to a freehold estate in the lands owned by the wife, and that estate he can convey by deed. Trask v. Patterson, 29 Maine, 499. The deed of a married woman, in which her husband does not *374 join, is a nullity, and conveys no estate. Ela v. Card, 2 N. H., 175; Matthews v. Puffer, 19 N. H., 448.
The husband upon marriage becomes possessed of the chattels real of the wife, which he may sell, assign, mortgage or otherwise dispose of, as he pleases, without her consent, by any act in his life time. Her chattels real may be sold for his debts. The personal property of the wife in her possession at the time of the marriage vests absolutely and immediately in the husband, who could dispose of them as he pleases, and on his death they go to his representatives.
It was on account of these common law disabilities of the wife, thus briefly indicated, that further and more extensive power was conferred upon her by the Act of 1852, c. 227, which provides that "any married woman, who is or may be seized and possessed of property, real or personal, as provided for in the Acts to which this is additional, shall have power to lease, sell and convey and dispose of the same and to execute all papers necessary thereto in her own name as if she were unmarried, and no action shall be maintained by the husband for the possession or value of any property held or disposed of by her in manner aforesaid.” The Act of 1855, ch. 120, re-enacts the above provisions, prohibiting a right of action to any person claiming under or through the husband.
The general power to lease, sell, convey or dispose of her estate, is given-to the married woman, "as if she were unmarried.” Stronger or more explicit language can hardly be imagined. No restriction is imposed upon the power of leasing, selling or conveying. If unmarried, she could convey to the person, whom she might thereafter marry. But the marriage is no impediment to the exercise of the new powers thus given her. Her right to convey remains thereby unaffected.
The actions, which are prohibited, are those which by the common law, a husband might bring to vindicate his rights of possession or his claims for damage, in case the wife had undertaken previous to the passage of the above Acts to do, *375 what therein and thereby, she is authorized to do. These Acts have conferred new and extensive powers on the wife. They enlarge her .rights. They restrict and destroy those of the husband. The real and personal estate of the wife is liberated from the control of the husband. The disposition of it, without reference to his wishes, is given to the wife. She may transfer to a stranger. She is equally at liberty to convey it to her husband. If she could not, there would be a restriction upon her power of disposal, as "if she were unmarried.” But none such is to be found.
The result is that the common law has been changed, and that henceforth the wife may deed directly to her husband.
The defendant denies that she was ever the tenant of the plaintiff. The facts before us do not sufficiently prove, that the relation of landlord and tenant ever existed between them, or any such relation on her part to the plaintiff as will authorize this process.
The husband being in possession by virtue of his wife, her occupancy and that of her family is to be regarded as in subserviency to his superior rights. The fee was in him. The occupancy of the family is the possession of the husband. He was at home when the land was conveyed to him. His occasional absence at sea, for longer or shorter periods of time, does not affect the legal rights of the parties.
The levy was made Dec. 7, 1857. It does not appear whether he was present or not. After the levy the occupancy was as before. The time for redemption expired Dec. 7, 1858 — but during the previous year the husband must be regarded as tenant of the premises, of which he had been previously seized in fee. Nothing indicates an usurpation of the fee on the part of the wife — or that new relations, variant from those, which the law would presume, had arisen.
The notice was made Dec. 8, 1858, and process served the.next day on the wife. The husband’s right to redeem had only expired the day before. No sufficient reason has been disclosed by the proof why process should be issued *376 against the wife for lands, which, if she occupied according to her legal rights, she had occupied as a part of her husband’s estate, and was so occupying when the notice was served on her. Plaintiff nonsuit.
Rice, Davis, Kent and Walton, JJ., concurred.
Cutting and Dickerson, JJ., dissented.