## Samuel W. Jackson v. John Hosmer and another.

*Writ of Error. Probate of Will. Party.*—Where one interested in the allowance of a will, admitted to Probate, did not take, or join in, an appeal from the Probate Court:—*Held*, That he had no right to contest the will on the trial of the appeal in the Circuit; his true position being that of an appellee. In such a case it was further held, that he had no right to a writ of error to reverse the action of the Circuit Court, affirming the decree of the Probate Court.

*Heard January 4th. Decided January 5th.*

Error to Wayne Circuit.

This was a motion to set aside a writ of error, on the ground that plaintiff in said writ was not such a party to the cause as entitled him to sue out such writ.

The facts are fully stated in the opinion.

*G. V. N. Lothrop, C. I. Walker* and *D. B. Duffield* for the motion.

*A. Russell* and *L. Bishop* contra.

CHRISTIANCY J.

This is a motion to set aside a writ of error.

The case is briefly this. Cyrus W. Jackson made a will which, after his death, was admitted to probate, and allowed by the Probate Court for the county of Wayne. The defendants in error were by the will, and the decree of the Probate Court appointed his executors. The plaintiff in error, at the time of these proceedings, was an infant about three years old, who was the only heir at law of the deceased, and to whom the great bulk of the testator's property was devised by the will; there being some small legacies to other persons.

The only person who appeared and contested the proof of will in the Probate Court, was Samuel S. Taff, the father in law of the testator, and grandfather of the plaintiff in error, who, it is claimed, would in case of his surviving the plaintiff in error, have been his sole heir, should the latter die without issue.

The will having been proved and allowed in the Probate Court, Taff took an appeal to the Circuit, setting forth, that he was aggrieved by the order and decree of the Probate Court, and that he took the appeal for the benefit and protection of the estate, and to protect the rights and interests of his grand child. But neither he, nor any other person, seems to have been appointed guardian *ad litem* in the Probate Court, nor next friend or guardian *ad litem* in the Circuit Court; nor was there any appeal by the plaintiff in error. Taff was sole appellant.

An issue was made up in the Circuit Court upon the validity of the will, and upon the fitness and competency of the executors named.

These issues were formed by the allegations of the propounders of the will, (defendants in error) on one side, and the pleas and notice of Taff upon the other. Taff is the only party named as contestant. It appears, however, that the counsel of Taff also filed in the Circuit Court a separate plea and notice, (similar in all respects to that of Taff). This plea purports to be signed by the counsel as attorneys for Jackson, (the plaintiff in error). It does not, however, appear, that this plea was ever brought to the attention of the Court, or that any of the proceedings in the case were in any respect different from what they would have been, had no such plea been filed.

The issues framed in the Circuit Court, on the allegations of the propounders of the will, and the plea and notice of Taff, were tried before a jury, and found in favor of the will, and of the executors; and thereupon, the order or decree of the Probate Court, allowing and establishing the will, appointing executors, &c., was in all things affirmed.

Exceptions were taken on the trial, by Taff, and a bill of exceptions afterwards settled in due form.

A writ of error was then issued from this Court to the Circuit, in behalf of both, Taff and the infant, (present

plaintiff in error), the latter stated as a minor, appearing and prosecuting the writ, by Joseph Aspinall, his next friend.

The usual proceedings were then taken for a severance between the plaintiffs in error. The errors were assigned by Samuel W. Jackson, (the infant,) alone, and Taff does not appear in this Court.

The result is, that the sole contestant in the Probate Court, who was also sole appellant in the Circuit, has disappeared from the cause, and the infant, Jackson, who neither appeared to contest the will in the Probate Court, nor appealed from its decree, now appears as the sole plaintiff in error.

Without expressing any opinion upon the competency of Taff to take the appeal to the Circuit, which we do not think entirely beyond doubt, we are all of opinion, that Jackson, the present plaintiff in error, has suffered no grievance whatever from the action of the Circuit Court. If he has been aggrieved at all, it was in every proper sense, by the order or decree of the Probate Court, which was merely affirmed by the Circuit, without any new judgment, order, or decree whatever.

The present plaintiff in error is in no worse position in consequence of the adverse decision of the Circuit on Taff's appeal, than if Taff had never appealed; and we can see no good reason why his position should be improved by it. To have placed himself in a position to remove the cause from the Circuit to this Court by writ of error, he should have appealed, or been made an appellant, from the decree of the Probate Court to the Circuit Court.

No party without having taken or joined in the appeal, according to the statute, could, we think, have any right to contest the will on the trial of the appeal in the Circuit. And the plea put in by the attorney, in his name, (to say nothing of an infant's appearing in this way,) would be a mere nullity. Though in one sense a party—as he might like every other person interested in the estate be bound by the decree—yet, he was not a competent party to prosecute the

appeal. His true position was that of an appellee, and he has no right to a writ of error to reverse the action of the appellate court.

The motion to dismiss must therefore be granted, with costs of this motion.

COOLEY and CAMPBELL JJ. concurred.