## KINNAMAN ET AL. *v.* PYLE ET AL.

MARRIED WOMAN.—*Conveyance to Husband.*—A married woman, being desirous to provide for a daughter by a former marriage, proposed to her husband that if he would convey to the daughter forty acres of his land, she would convey to him a like quantity owned by her in her own right. The offer was accepted; the husband and wife joined in a deed of conveyance to the daughter of the husband's land, and the wife executed a deed of conveyance of her own land directly to her husband, pursuant to their agreement.

*Held*, that the deed of the wife to the husband was absolutely void, both at law and in equity. The statute prohibits a married woman from conveying her lands except by a deed in which her husband joins.

SAME.—*Specific Performance.*—In such case, the heirs of the husband could not maintain an action for specific performance against the heirs of the wife.

SAME.—*Rescission.*—Nor could the daughter, who received such conveyance of the husband's lands, be required to reconvey the same to the heirs of her stepfather in consequence of the failure of title to the land attempted to be conveyed by her mother. She was not charged with any fraud or imposition; the consideration named in the deed to her, natural love and affection, was sufficient; and her title could not be affected by the fact that her mother failed to pay for the land so conveyed to her.

MISTAKE.—Mistakes of fact may be corrected by the court, but not mistakes of law.

From the Madison Circuit Court.

*W. R. Pierse* and *H. D. Thompson*, for appellants.

*J. W. Sansberry, E. B. Goodykoontz,* and *C. L. Henry,* for appellees.

BUSKIRK, J.—The object of this action was to obtain partition of a forty-acre tract of land which was properly described in the complaint. The action was brought by Elizabeth Pyle, John Pyle, her husband, and Daniel Ralph, against Harriet Mickals, Henry Mickals, her husband, and Zachariah Kinnaman, Senior.

It was alleged in the complaint that Celany Kinnaman, who was the wife of Zachariah Kinnaman, Senior, died seized of the land described in the complaint; that Elizabeth Pyle, Harriet Mickals, and Daniel Ralph were the children of the said Celany by a former marriage, and that each of them was the owner of two-ninths, and the defendant Kinnaman,

as the surviving husband, was the owner of three-ninths, and partition was asked accordingly.

During the pendency of the action, Zachariah Kinnaman departed this life, leaving eight children him surviving. These children were made defendants, and filed a cross complaint, the substance of which was:

· That their father and Celany were husband and wife; that the said Celany was the owner in fee simple, in her own right, of the tract of land described in the complaint; that the said Kinnaman was the absolute owner of another forty-acre tract of land, which is properly described; that the said Celany being desirous of conveying to her daughter Harriet, in consideration of natural love and affection, forty acres of land, and inasmuch as the forty-acre tract of land owned by the said Kinnaman was contiguous to other lands owned by the said Harriet, and inasmuch as each of said forty-acre tracts was of the same value, namely, eight hundred dollars, the said Celany proposed to the said Kinnaman that if he would convey to the said Harriet the forty-acre tract of land owned by him, she would convey to him the forty-acre tract described in the complaint, which proposition was accepted by said Kinnaman; that in pursuance of such agreement, the said Kinnaman and his wife conveyed to the said Harriet the forty-acre tract of land owned by the said Kinnaman, and the said Celany conveyed directly to her husband the forty-acre tract described in the complaint; that the said Harriet was placed in the possession of the said tract of land, and has ever since retained the same; that the said Kinnaman was placed in possession of the tract conveyed to him by said Celany and retained the same until his death, and that since his death his heirs have been in possession thereof; that they are informed and believe that the conveyance by the said Celany to the said Kinnaman is void, by reason of the fact that the said Celany was at the time of the making thereof a married woman, and her husband did not join with her in making said deed; that the only consideration received

by the said Kinnaman for his conveyance to the said Harriet was the conveyance from the said Celany to him.

The prayer of the cross complaint was as follows:

"That on a final hearing the plaintiffs and the said Harriet be ordered to convey to these defendants said real estate, or in default thereof that a commissioner be appointed by the court to convey the same, or that the said Harriet be ordered to convey to these defendants the forty-acre tract conveyed to her, and other proper relief."

The court sustained a demurrer to the cross complaint, and the appellants refusing to plead further, final judgment was rendered, to which ruling the appellants excepted, and which is assigned for error here.

There is an alternative prayer to the cross complaint. The first is, that the heirs of Celany shall be required to convey to the heirs of Kinnaman the tract of land conveyed by Celany Kinnaman.

The second is, that Harriet be required to convey to the heirs of Kinnaman the tract of land conveyed by Kinnaman and wife to her.

We will, in the first place, consider and determine whether the appellants were entitled to the relief first asked for.

It is conceded by counsel for appellants that the deed from Celany to her husband was void in law, but it is insisted that it will be sustained and enforced in equity. It is further argued that a conveyance direct from a wife to her husband should be enforced in equity, whenever a deed direct from a husband to his wife would be enforced in equity.

The questions argued by counsel can not be regarded as open and undecided by this court. In the case of *Sims* v. *Rickets*, 35 Ind. 181, the question was considered and decided, when and under what circumstances a deed direct from a husband to his wife would be sustained and enforced in equity. In the examination of that question, we drew the line of distinction between the conveyance of a husband to his

wife and the conveyance from a wife to her husband, without the intervention of a trustee.

The court say: "We have had urged upon our attention and consideration the cases of *White* v. *Wager*, 25 N. Y. 328, and *Winans* v. *Peebles*, 32 N. Y. 423. We have given these cases a careful consideration, and are of the opinion that they are not in conflict with the views we have expressed. In both of those cases the question involved was the validity of conveyances from wives to their husbands. We have already seen that a married woman in this State is under a disability so far as the alienation of her land is concerned. Her conveyance is absolutely void unless her husband joins with her. Such is the law in New York. None of the disabilities imposed upon married women have attached to the condition of a married man, who was as free to receive the title to property and to dispose of it after marriage as before, with the exceptions that he could not receive a deed directly from his wife, because she could not convey without his joining, and he could not join in a conveyance to himself, and that he had no power to dispose of or in any manner affect the inchoate right of his wife in and to his real estate. As to the world in general, the estate of marriage does not affect his ability to acquire title to or dispose of his property just as he might have done if he had not been married. These cases correctly held that a deed direct from a wife to her husband was void at law, and would not be sustained in equity, for the reason that this disability was imposed upon married women to protect them from the influence of their husbands."

The doctrine laid down in the above case was fully recognized in the subsequent case of *Thompson* v. *Mills*, 39 Ind. 528, and the doctrine was extended by holding that such a conveyance would be held valid at law. DOWNEY, J., speaking for the court, says:

"In this State, the distinction between actions at law and suits in equity, and the forms of all such actions which existed in this State prior to 1852, are abolished; there is but one

form of action for the enforcement or protection of private rights and the redress of private wrongs, and every right and every transaction, must be at once regarded by the court in its equitable, as well as in its legal, character and operation. Why then shall we longer speak of the same instrument as being void at law, but valid in equity? As the fact is recognized that the husband may, by deed, made directly to his wife, convey real estate to her, and the conveyance will be upheld, why not apply to such conveyances the same rules which are applied to conveyances between other parties, that is, hold them valid until some legal reason has been shown for setting them aside? In the case under consideration, as there appears to have been a valuable and sufficient consideration, why go into an inquiry, in the first instance, to determine whether the husband intended to defraud his creditors, since they are making no complaint? Why examine into the pecuniary condition of the husband and wife to ascertain whether he retained a sufficiency of means for his living, or whether this provision was necessary or proper for her support? Are they not competent to decide these questions? As between other parties, the court would take upon itself no such duties. Without going into an examination, or a re-examination, of the authorities on this subject, we refer to the case of *Sims* v. *Ricketts*, 35 Ind. 181, and upon the authority of that case and the cases there cited, hold that, upon the facts shown by the complaint, the deed in this case was valid, and the demurrer, so far as this point is concerned, properly overruled.

The rule, that a deed which was void at law would under certain circumstancess be supported in equity, was established, when the distinction between actions at law and suits in equity was fully recognized, and when there were separate courts for the trial of actions at law and suits in equity. The distinction between actions at law and suits in equity and the forms of such actions having been abolished, and there being in this State but one tribunal for the trial of all

such actions, there seems to be no reason for adhering to the old rule.

In the case of *Mattox* v. *Hightshue*, 39 Ind. 95, this court held that the separate deed of a married woman was absolutely void and passed no title.

We are of opinion that the deed from Celany to her husband was absolutely void and passed no title. The said Celany having died seized of the land described in the complaint, the title thereto descended to and vested in her heirs, under the laws of descent. The said Celany having died before her husband, he inherited one-third of the real estate of which she died seized, subject, however, to its proportion of her debts, contracted before marriage; and upon his death such portion descended to and vested in his heirs. Sec. 22 of the statute of descents, 1 G. & H. 295.

The court having assigned to the heirs of Kinnaman one-third of such land, the judgment of the court making partition cannot be disturbed.

We proceed to inquire whether, upon the facts stated in the cross complaint, the appellants were entitled to a decree requiring the said Harriet to reconvey to the heirs of Kinnaman the tract of land conveyed to her by Kinnaman and wife.

It is very earnestly insisted by the learned counsel for appellant, that there was no consideration to support the conveyance to Harriet, and that she holds the title as a volunteer. We do not think so. The consideration expressed in the deed from Kinnaman and wife to Harriet was natural love and affection, which was sufficient to support the conveyance. The mother of Harriet, desiring to give to her a tract of land, exchanged with her husband a tract which she owned for one which he owned, and instead of conveying to her, the conveyance was made directly to Harriet. Harriet was not a party to such exchange. It was made between Kinnaman and wife. Kinnaman executed his part of the contract by conveying to Harriet at the request of his wife, and she attempted to execute upon her part, but failed. If

the heirs of Kinnaman have any remedy, a point which we do not decide, it must be against the estate of Celany.

It is argued by counsel for appellants, that it would be unconscionable for Harriet to retain the tract of land conveyed to her and share in the partition of the tract exchanged for it. But if Harriet should be required to convey to the heirs of Kinnaman, she would be deprived of the land which her mother intended for her. There could not be a rescission of the contract, for the parties could not be placed *in statu quo*. Kinnaman sold forty acres of land to his wife, and at her instance conveyed the land so sold to Harriet, and he failed to obtain any payment for such land. As between Celany and Harriet, the transaction was fair, legal, and supported by a sufficient consideration. Harriet was guilty of no fraud or imposition. Her title to the land conveyed to her cannot be affected by the fact that her mother failed to vest in her husband the title to the tract exchanged. There were no false and fraudulent representations on the part of Celany. There was no concealment of facts. There was no mistake of facts. There was simply a mistake of law. Celany supposed that she had conveyed the tract of land to her husband, in exchange for the one he and she had conveyed to Harriet, but failed to effectuate such purpose. Kinnaman is chargeable with a knowledge of the law. He is presumed to have known that the deed made to him was void and vested no title in him. He made no effort to obtain a rescission of the contract or enforce his claim against his wife.

There is an apparent hardship, but we know of no way of relieving the appellants, without affecting the rights of Harriet and violating the principles of law.

The judgment is affirmed, with costs.