WILLIAM H. BROOKS, JR.,

*v.*

CATHARINE EWING KEARNS.

| 86 | 547 |
| 168 | 392 |
| 86 | 547 |
| 204 | ³149; |
| 86 | 547 |
| 215 | ²204 |

1. DEED—*married woman to her husband, void.*  Under the laws in force in 1866, a deed for real estate made by a married woman directly to her husband was, and is, absolutely void, and such a deed, being void at law, will not be enforced against her in equity.

2. CHANCERY JURISDICTION—*removal of cloud on title.*  Where the claim of an adverse party to land is valid upon the face of the instrument under which it arises, and it requires the establishment of extrinsic facts to show the supposed conveyance to be inoperative and void, a court of equity has jurisdiction to set it aside as a cloud upon the real title to the land, and order the same to be delivered up and canceled.

3. ATTORNEY—*power to bind client by contract.*  A party will not be bound by a contract made by her attorney employed to prosecute or defend a suit for divorce, in respect to her property, where such contract is made out of court and is not made a part of the decree in the suit, without proof of authority in the attorney to bind such party, or her acquiescence in the same after knowledge of the fact.  There is no presumption of authority in such case, but the burden of proof rests on the party alleging authority, to show that fact.

WRIT OF ERROR to the Circuit Court of Cook County ; the Hon. WILLIAM W. FARWELL, Judge, presiding.

Mr. EDMUND S. HOLBROOK, for the plaintiff in error.

Messrs. AYER & KALES, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Prior to the marriage of complainant with defendant in 1860, and in view of that event soon to take place, the property which is the subject of this litigation, together with other real property situated in other States, was conveyed to a trustee for the benefit of complainant, and by joining in the execution of the deed defendant signified his consent to its provisions, and accepted the same in lieu of " all.right or claim he might have in the estate of his intended wife." What the conditions of the original trust were do not appear from anything in the record. Afterwards, in 1861, the trustee released unto complainant all the property he had not sold embraced in the deed, referring as authority for so doing to a decree of court wherein it was ordered the " deed of trust should be reformed and made a simple deed of trust."

It appears a party was desirous of buying these Chicago lots, and was willing to give $6,000 for them, and according to defendant's theory of the case, complainant was willing and anxious to sell, but he declined to join with her in the sale, and for that reason it could not be effected. Thereupon he says he concluded a bargain with his wife for these lots at $3,500, the reduced price being accepted in consideration of the interest of ' their children in the property. Complainant, however, denies any and all recollection of any proposition on the part of the husband to buy this or any other of her real property.

But it seems a deed was made by complainant on October 17, 1866, conveying these lots directly to her husband, was acknowledged before an officer, and was afterwards recorded. Defendant insists he paid complainant $3,500 in money at the making and delivering of this deed to him as the

consideration agreed upon for the property, but this she most unequivocally and positively denies.

The next year such proceedings were had, in a court of competent jurisdiction in the State of Indiana, that the parties were divorced. To the original bill defendant had filed an answer and cross-bill, charging his wife with a want of fidelity to her marriage vows. But before any trial was had, counsel for the parties came to an agreement by which the original papers were all withdrawn, and complainant exhibited a new bill simply charging defendant with desertion, to which no defense was interposed and a decree passed by default. That agreement was reduced to writing, was signed by counsel, but not by either complainant or defendant, nor is there the slightest allusion to it in the decree of the court. One clause of that agreement provided defendant should " retain all the personal property he had or has, and all real estate, except lot 479, however received." Within a short time after the divorce was granted this bill was filed to set aside the deed made by complainant to defendant, on the ground it was absolutely void, and it not appearing on the face of the deed the grantor was at the time the wife of the grantee, it was charged it was a cloud upon the title that seriously impaired the value of the property.

The deed made on October 17, 1866, by complainant to defendant, who was then her husband, for the property in controversy, was absolutely void under our laws. It was only by the enabling laws that a married woman could convey her real property, and the statute then in force made it imperative, to do so, she must join with her husband in executing the deed. Of course that could not be done in a conveyance directly to her husband, as this deed was. Our understanding is, a deed of a married woman void at law will not be enforced against her in equity. This principle has frequently been declared in the decisions of this court. *Rogers* v. *Higgins*, 48 Ill. 211, and cases cited.

Objection taken to the jurisdiction of a court of chancery

to hear and determine this bill is not maintainable. Counsel may be right in the view he suggests of the meaning of the act of 1869, giving increased jurisdiction to courts of chancery to hear and determine bills to quiet titles and remove clouds from titles to real estate ; but this decree can be sustained on the principle declared in *Reed* v. *Tyler*, 56 Ill. 288. Where the claim of an adverse party to land is valid upon the face of the instrument, and it requires the establishment of extrinsic facts to show the supposed conveyance to be inoperative and void, a court of equity may interfere to set it aside as a cloud upon the real title to the land, and order the same to be delivered up and canceled. That is this precise case. It does not appear on the face, or elsewhere in the deed, that complainant was the wife of the grantee when she executed it. That fact must be established by extrinsic evidence, and when that is done, the deed is shown to be inoperative and void. Our conclusion is the court had jurisdiction to hear the cause, and that it was well exercised.

No equities arise in favor of defendant as in favor of a purchaser for a valuable consideration. While defendant insists he paid complainant $3,500 in cash for these lots, which she ought in conscience to return to him before she can in any event deprive him of the title he claims under the deed, the testimony is so conflicting we can not say that fact is established by any satisfactory evidence. Complainant is positive she never had that amount of money at one time in her life, and her unequivocal denials are not, in our opinion, overcome by anything in the testimony.

The only point in the case about which there can be any doubt is whether complainant is estopped by anything in the contract, made on her behalf during the progress of the divorce suit, from asserting title to this property as against her former husband. No allusion is made in that agreement to this particular property by description or location, and whether counsel who acted for the parties had any knowledge of its existence does not appear. In some re-

spects the agreement is obscure, and what property was really intended to be embraced in it can only be known from extrinsic evidence, and we can not know, certainly from anything in the record, the parties were contracting in regard to this property.

But there is another view. The contract was never shown to complainant, nor does it appear she ever gave her counsel, acting on her behalf, any authority to make such a contract for her. She certainly never acquiesced in it after the knowledge of its existence came to her. Had the agreement been made a part of the decree of court, in the divorce case, presumptions would be indulged as to the authority of the solicitors in the premises; but this is an agreement made out of court, and we are not aware any presumptions arise as to the authority of counsel to make it on behalf of their respective constituents — that is a matter of evidence, and the party alleging the existence of authority to bind the principals takes upon himself the burden of proving that fact. This contract, at most, is of doubtful propriety, and we have no inclination to place any construction upon the testimony offered to sustain it, more favorable than it will reasonably bear. There is nothing in the circumstances that makes it imperative on us to do so. It was her separate property, and when the marital relations between complainant and defendant were dissolved it was but just she should have back that which had been her own.

The decree, in our opinion, is just, and ought to be affirmed, which is done.

*Decree affirmed.*