## Alexander, Appellant, v. Shalala.

*Real estate—Husband and wife—Married women—Deed from wife to husband—Ejectment—Mesne profits.*

1. A married woman cannot make a valid conveyance of her real estate to her husband as grantee, although he may join in the deed with her as a grantor.

2. Where defendants in an ejectment rely upon an invalid deed from a wife to a husband, they are not entitled to have a conditional verdict rendered to cover the amount of their improvements.

3. When one desires to recover mesne profits in an action of ejectment he should give notice in his declaration or prior to the trial.

Argued April 21, 1910. Appeal, No. 11, Jan. T., 1910, by plaintiffs, from judgment of C. P. Clearfield Co.,

Sept. T., 1907, No. 374, for defendants on case stated in suit of C. G. Alexander to use of L. E. Boyer and Jos. F. Sprankle v. Michael Shalala and Abraham Shalala. Before BROWN, MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Reversed.

Case stated in ejectment for land in DuBois borough. Before A. O. SMITH, P. J.

At the trial it appeared by sundry conveyances that Lizzie Alexander who at one time was the owner of the land in dispute executed a deed to her husband, Emory Alexander, for the land, and that her husband joined in the deed as a grantor. The defendants claimed the land under conveyances from Emory Alexander.

The court entered judgment for the defendants on the case stated.

*Error assigned* was in entering judgment for defendants on case stated.

*A. L. Cole*, with him *L. E. Boyer*, for appellants.— The rule of construction in those states wherein the statutes require the joinder of the husband in the wife's deed, to convey her separate property, seems to be, without exception, that a deed from the wife to the husband direct, as grantee, even when joined in by him in the precise statutory mode, is void and passes no title: Rico v. Brandenstein, 98 Cal. 465 (33 Pac. Repr. 480); Johnson v. Jouchert, 124 Ind. 105; 8 L. R. A. 795; Cook v. Walling, 117 Ind. 9; 2 L. R. A. 769; Bunch v. Bunch, 26 Ind. 400; Gebb v. Rose, 40 Md. 387; Preston v. Fryer, 38 Md. 221; Riley v. Wilson, 86 Tex. 240 (24 S. W. Repr. 394); Graham v. Stuve, 76 Tex. 533 (13 S. W. Repr. 381); Switzer v. Switzer, 26 Gratt. 574; Ogden v. McArthur, 13 U. C. Q. B. 246.

*W. C. Pentz*, with him *W. L. Calkins*, for appellees.

OPINION BY MR. JUSTICE MOSCHZISKER, May 16, 1910: The controlling question in this case is, Can a married

woman when her husband joins in the deed as a grantor make a valid conveyance of her real estate directly to such husband as grantee?

While the married women's property acts of the different states are not precisely alike in phraseology, they are all directed to the same end; and when they contain a requirement, such as in the Act of June 8, 1893, P. L. 344, that the husband shall join in the deed of the wife, the thought seems to be general (where the point has been raised) that a direct conveyance from the wife to the husband is void even though joined in by him: Johnson v. Jouchert, 124 Ind. 105; Riley v. Wilson, 86 Tex. 240; Trawick v. Davis, 85 Ala. 342; Rico v. Brandenstein, 98 Cal. 465; Brooks v. Kearns, 86 Ill. 547; Kinnaman v. Pyle, 44 Ind. 275; 21 Cyc. 1292; and it has been so held in New York under a statute which did not contain the requirement: White v. Wager, 25 N. Y. 328. It is true that in a number of jurisdictions the opposite rule has been adopted: Savage v. Savage, 80 Me. 472; Wells v. Caywood, 3 Colo. 487; Robertson v. Robertson, 25 Iowa, 350; Burdeno v. Amperse, 14 Mich. 90; but the statutes in those states do not require the husband to join in the deed.

The common law considered the husband and wife so nearly one that the husband could neither directly convey to his wife nor be a direct grantee from her: 21 Cyc. 1284, 1291. To render such a conveyance from the wife to the husband valid the statute must confer the power upon her, and thereby remove his common-law disability: 21 Cyc. 1292, sec. 3; 1 Bishop on Married Women, secs. 710–711; Rico v. Brandenstein, 98 Cal. 465; and the fact that a valid conveyance can be made indirectly through the medium of a third person will not alter the rule: 21 Cyc. 1292, sec. 4; 1 Bishop on M. W., secs. 712–713; White v. Wager, 25 N. Y. 328, and Riley v. Wilson, 86 Tex. 240. However interesting, it will serve no useful purpose to theorize upon this subject; the question is one of public policy for the lawmaking power of the

state, and up to this time our legislature has not seen fit to go as far as the appellees contend. In Wicker v. Durr, 225 Pa. 305, a married woman made and delivered a deed to her husband, signed by herself alone, and we held it void, saying: "The acts of 1848 and 1893, materially enlarge a married woman's control of her separate estate, but they leave undisturbed the mode of its exercise in a conveyance of her real estate." We are of opinion that there is no statute in Pennsylvania which authorizes or permits a direct conveyance of the wife's real estate to her husband, and the deed in question should have been held unauthorized and void.

The question of title is the only one to be decided on this record. The deed being null and the principles of estoppel inapplicable, the defendants are not entitled to have a conditional verdict rendered to cover the amount of their improvements: McKee v. Lamberton, 2 W. & S. 107; Glidden v. Strupler, 52 Pa. 400; Kirk v. Clark, 59 Pa. 479; McClure v. Douthitt, 6 Pa. 414. The present case is distinguishable from McCoy v. Niblick, 221 Pa. 123, where such a conditional verdict was allowed; there the contract of the wife was valid although nonenforcible. No proper claim for mesne profits was made by the plaintiffs; when one desires to recover mesne profits in an action of ejectment he should give notice in his declaration or prior to the trial: Cook v. Nicholas, 2 W. & S. 27; Bayard v. Inglis, 5 W. & S. 465; Carman v. Beam, 88 Pa. 319; Act of May 2, 1876, P. L. 95.

The assignments of error are all sustained; the judgment is reversed and is here entered in favor of the appellants.