## Commonwealth v. Bore et ux.

*Xopher Beck*, District Attorney, for Commonwealth.
*Harry W. Petriken*, for defendant.

POTTER, P. J., 17th judicial district, specially presiding, March 27, 1930.— These two defendants are husband and wife. On Feb. 6, 1930, they were tried before a jury on the charge of arson, and both were convicted. A motion in arrest of judgment as to the wife was then filed, setting up that, inasmuch as

she was the wife of Max Boto, she is presumed to have acted under his direction and coercion. The question was duly argued on March 5, 1930, and we now have it before us for disposal.

We think this position of counsel for the defendant, the wife, is well taken. A wife's civil existence is extinguished in that of her husband, who is her substitute and representative, and she can do, or forbear to do, no act to affect her property unless it has been settled to her separate use. So far is this principle carried, that she is not liable for a trespass, nor punishable for a crime, except the higher felonies, if committed in his presence and with his concurrence: McClure v. Douthitt, 6 Pa. 414.

These two defendants were indicted under the Act of March 31, 1860, § 139, P. L. 382, 416, making it a misdemeanor to knowingly burn a dwelling house to defraud an insurance company that has insured it. The testimony on the part of the Commonwealth proved conclusively that both defendants acted concurrently in the burning of their dwelling house in Mount Union, Huntingdon County, Pennsylvania. Applying the principle of law as enunciated in the above cited case, we, from the evidence produced at the trial, must conclude that this wife, in what she did towards the burning of their home, acted under the direction, compulsion and coercion of her husband, and, therefore, cannot be held to be guilty.

We find this *dictum* further relied upon and reiterated in 21 Cyc., 1355, where it is said: "Where a criminal act is committed by a married woman in her husband's presence, she is generally presumed to be acting under his influence or coercion. From this general rule the law excepts heinous crimes, such as treason, murder, and possibly robbery, no presumption of coercion existing as to them. Certain other offenses also which from their character are generally committed by women, such as keeping a house of prostitution, are not presumed to be committed under marital coercion. It is not necessary that the presence of the husband should be actual or immediate; his constructive presence is sufficient. It has been held that the husband need not be in the same room with his wife, or even in the same house, provided he is sufficiently near to exert a present or immediate influence. This presumption is a rebuttable one and may be overcome by proof that in fact no coercion existed; the state may introduce evidence to show that the wife acted voluntarily, where she is the accused." As further bearing out this legal principle, see the case of Com. v. Conrad, 28 Legal Intell. 310.

We may well say that in the case at bar no such evidence was presented, in the absence of which, this not being a heinous crime, we must think she acted, from a legal viewpoint, under the direction of her husband. We find the same doctrine later stated in 30 Corpus Juris, 792, § 420½, as well as in the case of Com. v. Dwyer, 29 Pa. C. C. Reps. 73, where the wife was held not guilty for selling liquor illegally in the presence of her husband.

From the authorities herein cited, as well as from a common sense view of the testimony in this case, we find that this wife cannot be held accountable for her acts in assisting in the burning of their home, she having acted in the presence of her husband and with his concurrence. He was convicted and was sentenced. She has been detained in the county jail awaiting our decision on the motion in arrest of judgment as to her, the files in the case having been delivered to us only yesterday.

And now, to wit, March 27, 1930, the verdict of the jury in the conviction of Mary Bore, *alias* Mary Boto, of arson in this case is set aside, and she is discharged from prison forthwith.

From R. W. Williamson, Huntingdon, Pa.