# Kirk et al. versus Clark et al.

59  479
159  163

A married woman with her husband executed an agreement to convey land, and received the purchase-money; the agreement was not acknowledged. The purchaser went into possession and made improvements. After her death the heirs brought ejectment for the land. Held, that they were entitled to recover without repaying the purchase-money.

November 16th 1868. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of Mercer county: No. 125, to October and November Term 1868.

This was an action of ejectment, by George Clark and Julia Graham against Peter Kirk and Jacob Sailor, brought to August Term 1866, for a tract of 44 acres of land.

The land in question belonged to Fanny F. Clark, the wife of Aaron M. Clark. She died in August 1855 seised of the land; her husband died about 1860. The plaintiffs were a son and grand-daughter,—through a daughter,—of Mrs. Clark and were

[Kirk *v*. Clark.]

her only descendants. The plaintiffs having proved these facts, the possession of the defendants having been admitted, rested.

The defendants then offered to prove that "by an article of agreement dated June 20th 1854, Peter Kirk, one of them, purchased the property described in this writ from Aaron M. Clark and Fanny F. Clark, that he took possession in pursuance thereof, paid the purchase-money, and made valuable improvements thereon; that up to the death of said Aaron M. and Fanny F., they recognised the sale as valid."

The article of agreement was signed by A. M. Clark and Fanny F. Clark, but was not acknowledged by either.

The plaintiffs objected to the offer because there had been no ratification of the contract in writing duly acknowledged in which Mrs. Clark joined.

The court (Vincent, J., of the Sixth District) sustained the objection, rejected the evidence, sealed a bill of exceptions, and directed the jury to find a verdict for the plaintiffs. The verdict accordingly was for the plaintiffs.

The defendants having removed the case to the Supreme Court, assigned the ruling of the court below for error.

*Foster & Maxwell*, for plaintiffs in error.—Can a married woman sell her real estate and receive the purchase-money, and her heirs, without repaying the purchase-money, recover the land, on the ground that she did not acknowledge the article of agreement according to the Act of 1770 ? In such case the heirs are estopped : Smith *v*. Warden, 7 Harris 424; Commonwealth *v*. Shuman's Administrators, 6 Id. 346; McPherson *v*. Cunliff, 11 S. & R. 426; Wilson *v*. Bigger, 7 W. & S. 111; Stroble *v*. Smith, 8 Watts 280; Benedict *v*. Montgomery, 7 W. & S. 238; Martin *v*. Ives, 17 S. & R. 364; Crowell *v*. McConkey, 5 Barr 168; Hamilton *v*. Hamilton, 4 Id. 193; Dean *v*. Connelly, 6 Id. 239; Robinson *v*. Justice, 2 Penna. R. 19; Share *v*. Anderson, 7 S. & R. 48; Furness *v*. Ewing, 2 Barr 479; Wilkins *v*. Anderson, 1 Jones 399; Adlum *v*. Yard, 1 Rawle 164.

*Griffith & Mason*, for defendants in error.—This case is settled by Kirkland *v*. Kepselgefer, 2 Grant 84; Rumfelt *v*. Clemens, 10 Wright 456.

The opinion of the court was delivered, January 5th 1869, by

AGNEW, J.—This case is governed by the decision in Glidden *v*. Strupler, 2 P. F. Smith 400, which seems to have been overlooked by the plaintiff in error. The principle in Rumfelt *v*. Clemens, 10 Wright 455, was there examined very fully, and the doctrine of that case reaffirmed.

Judgment affirmed.