## Rose and wife *versus* Latshaw *et al.*

A husband may confess or suffer a judgment to be entered against himself in favor of his wife without the intervention of a trustee, and execution may be lawfully issued thereon.

May 12th 1879.   Before SHARSWOOD, C. J., MERCUR, GORDON and TRUNKEY, JJ.   PAXSON, WOODWARD and STERRETT, JJ., absent.

Error to the Court of Common Pleas of *Bedford county :* Of May Term 1879, No. 85.

This was a case stated for the opinion of the court, wherein Aaron Rose and Catharine, his wife, for the use of said wife, were plaintiffs, and Abram Latshaw and others defendants.   The facts as stated were these :

Aaron Rose being indebted to Catharine Rose, his wife, gave her his judgment exemption note dated the — day of April 1877, for the sum of $55.32, with interest from April 6th 1877, upon which judgment was entered to No. 309 of April Term 1877, without the intervention of a trustee.   A fi. fa. issued thereon to No. 185, of April Term 1877, with the consent and at the request of said Aaron Rose, and a vend. ex. to No. 116, of Sept. Term 1877, upon which the personal property of the defendant, Aaron Rose, was sold by the sheriff of Bedford county; Catharine Rose purchasing the same.   That prior to said sale, Catharine Rose had owned in her own right two shoats worth $8.50, and that the property bought by her at the sheriff's sale, was worth $94.05.   That subsequent to said sheriff's sale, the defendants above named having judgments against Aaron Rose, issued executions thereon, and placed them in the hands of a constable, who levied upon said shoats, and the property previously sold by the sheriff to Catharine Rose, and again sold the same as the property of Aaron Rose, in satisfaction of the last named judgments.

1. It is thereupon agreed, that judgment shall be entered for the plaintiff in this suit, for the sum of $8.50, with interest from 7th Sept. 1877, in any event.

2. That judgment shall be entered for the plaintiff for $94.05 in addition to the above sum of $8.50, making $102.55, with interest as aforesaid, if the court shall be of opinion—

1st. That the fi. fa. No. 185, April Term 1877, and vend. ex. No. 116, Sept. Term 1877, on judgment No. 309, April Term 1877 aforesaid, were legally issued.

2d. That the sale by the sheriff, of the personal property of the defendant, Aaron Rose, to the said Catharine Rose, the purchaser thereof, passed the title to her.

3d. That the said Catharine Rose could issue execution, levy upon and sell the property of the husband on said judgment con-

[Rose *v.* Latshaw.]

fessed directly from her husband to her, without the intervention of a trustee.

The court, Hall, P. J., entered judgment for the plaintiffs, for the sum of $8.50, with interest from September 7th 1877. The defendants then took this writ, alleging that the court erred in not entering judgment for the whole amount, viz.: $102.55.

*Russell & Longenecker*, for plaintiffs in error.—The only question here is, can a wife with the consent and at the request of her husband, issue a writ of fieri facias upon her judgment, entered without the intervention of a trustee, and have his personal property levied upon and sold by the sheriff. We are aware the policy of the law does not permit an execution to be issued by the wife against the husband; because the process of execution is adversary. But where the execution is not adversary, and is issued with the consent and at the request of the husband, there is nothing in the rule of law to prevent its being issued: Williams's Appeal, 11 Wright 307 ; Shade *v.* Shade, 5 Clark P. L. J. Rep. 493.

*J. M. Reynolds*, for defendant in error.—If the right to issue execution exists at all, it must exist independent of the question of the husband's consent. It is putting the process of execution upon a footing unknown to the law to say that although the right may be complete in the wife, yet whenever the husband objects, it shall be taken away. Consent does not take away from the execution its adversary character. The obtaining of *consent*, if the courts should decide to be sufficient, will always be a mere subterfuge to defeat the ends of justice, and make the act of the wife the act of the husband, in securing his property from his creditors. It will be the destruction of the last safeguard erected for the peace of the family as well as for the protection of the husband's creditors.

Mr. Justice TRUNKEY delivered the opinion of the court, May 26th 1879.

When it was judicially declared that a judgment, given by a husband to his wife to secure her separate estate, is not void in law or equity, because of the legal unity of the parties, a principle was settled which entitles the plaintiffs to recover. In Williams's Appeal, 11 Wright 307, the only question for adjudication, was the validity of a judgment upon a bond confessed by virtue of a warrant of attorney, in favor of Hannah Moore against her husband; and in Shade *v.* Shade, 5 Clark P. L. J. Rep. 493, a like question was alone presented. The latter was first decided, and Pearson, P. J., in an able and lucid opinion, held that a husband could lawfully confess judgment in favor of his wife; adding a dictum, that with the husband's consent execution could be lawfully

[Rose *v.* Latshaw.]

awarded. So, in Williams's case, there was no occasion to say that execution could not issue upon such a judgment; it was a mere dictum, not a point determined by the court. The opinion of AGNEW, J., logically leads to the sequence that an execution, issued upon a judgment in favor of a wife against her husband, is not void.

At common law husband and wife are one person, and a man could no more confess judgment to his wife than to himself. For same reason his deeds, contracts and gifts to his wife, without a trustee, were void; but these have long been supported in equity. At law the existence of a woman during her marriage was suspended, in most respects, as regarded rights of things. The equity doctrine which sustains conveyances and gifts to her by her husband, without the intervention of a trustee, recognises her personal existence and is not an invasion of the true principle of unity consequent upon marriage. Two persons are united, but it is not now true that the identity of one is lost. In Pennsylvania a wife's equitable rights have been maintained in actions at law; for rules in equity and of law are enforced in same form of procedure. Practically, principles of equity are a part of our laws. It having been established that a man's conveyances and gifts to his wife are good between themselves, and against all the world, when not fraudulent, it directly followed that a judgment to her, confessed or suffered by him, is of like force; and it would seem inevitable that execution could be lawfully issued upon that judgment.

Public policy forbids adversary proceedings at law, without a trustee for a wife, against her husband. When he confesses judgment to her, or wittingly suffers it to be entered by default, no one can avoid it, unless for fraud. In legal contemplation the judgment is the act of the court. A judicial writ is the command of the court. It may be set aside for irregularity, but if it be not, and is not void, all proceedings will be held valid as if it were regular. For many causes an execution for seizure and sale of property in satisfaction of a judgment may be voidable, but if not voided before the sale and satisfaction, it will protect the officer who obeyed it, and support the title of the purchaser. Execution of a judgment, voluntarily suffered by the husband, is no more adversary than was the entry of judgment. In one sense, both are adversary; where either is with his consent it is not adverse in the sense which the law forbids, for it does not disturb domestic relations.

We have taken no account of the foreboded ills to follow a decision that a wife's execution on a judgment against her husband is not a nullity. The Commonwealth is none the worse for the advanced legislation for security of married women in the ownership and enjoyment of their property, and will not be hurt if they are allowed process for collecting money honestly their due. An

[Rose *v.* Latshaw.]

insolvent debtor may exhaust his means in payment of a favored creditor, or he may confess judgment to that creditor and all his property be seized in satisfaction thereof. This has long been the law, and now that the statute secures the wife her separate estate, when the husband owes her, he may rightly give her the preference. If fraud be alleged, the requisite proof to establish it is no stronger when the preference is given to a wife than if to a stranger, and far greater strictness in proof is imposed upon a wife to make out her claim than upon others.

> Judgment reversed, and judgment is now entered for the plaintiffs for $102.55, with interest from September 7th 1877.