ANNIE J. KINCADE v. WM. CUNNINGHAM.

ERROR TO THE COURT OF COMMON PLEAS OF INDIANA COUNTY.

Argued October 19, 1887—Decided January 30, 1888.

1. In a scire facias to revive a judgment lien, no inquiry can be made into the consideration of the original judgment, so long as it remains unassailed.

A judgment was confessed by a man to a woman upon a bond given in consideration of a contract to marry. The parties then married, and subsequently a scire facias was issued to revive the judgment: *Held,*

2. That the coverture and the want of a trustee for the plaintiff could not be set up as a defence to judgment on the scire facias.

3. That the degree of domestic felicity to which the defendant was entitled under the bond of marriage, could not be considered in the proceeding to revive the judgment upon the bond for money.

Before GORDON, C. J., PAXSON, STERRETT, GREEN and WILLIAMS, JJ., TRUNKEY and CLARK, JJ., absent.

No. 244 October Term 1887, Sup. Ct.; court below, No. 55 September Term 1885, C. P.

On June 10, 1885, a scire facias to revive, etc., was issued by "Annie J. Kincade, now Annie J. Cunningham," against Wm. Cunningham, upon a judgment for $1,000 entered on March 13, 1883, to No. 124 March Term 1883, upon a note with warrant of attorney of same date and amount, executed

by Wm. Cunningham in favor of Annie J. Kincade, payable in five years. On July 3, 1885, an affidavit of defence was filed, which set forth:

That the note upon which the judgment in the above stated case was originally entered was given upon the promise and for the consideration that the said plaintiff would marry affiant, live with him as his lawful wife, keep house and render services to him as such during their joint lives; and upon said promises being made by the said plaintiff to affiant, before the signing of said note, he, believing them to be in good faith, signed the same. Affiant would further state that after the signing of said note, upon March 13, 1883, they were married and affiant took the plaintiff to his home in Young township, said county, where he had provided such things as were necessary for her comfort. That after said plaintiff had lived with affiant some three or four days she was not satisfied and requested affiant to leave his farm and home and go with her to Blacklick station, where she had formerly lived; that affiant tried to persuade her to remain with him on his farm as she had promised to do, but she would not agree to do so. Affiant then sold off his personal property and moved to Blacklick station, as said plaintiff had requested him to do. Affiant would further state, that after he had lived with said plaintiff at her home at Blacklick station for about two months, he was compelled to leave by reason of her harsh and unkind treatment. That she would order him out of the house, scold and annoy him, night and day; that she drew the poker at him and threatened to strike him with it, and by reason of said barbarous treatment affiant was forced to withdraw and depart form her place of residence. That affiant afterwards went and requested the plaintiff to come and live with him and fulfill her promises, and she refused to do so. Affiant would further state that he has done all in his power to make plaintiff comfortable and to get along with her and live as man and wife should do, but owing to her conduct, it has been impossible to do so. Affiant would further state, that he has suffered loss of time, and annoyance and damages largely in excess of the amount of said note in suit, by reason of the failure on the part of the plaintiff to keep the promises and contract made before the signing of said note, and that the same is void and without considera-

tion ; and that affiant would not have signed said note if he had known that the said plaintiff would not keep said promises made by her before the signing and delivery thereof.

On July 6, 1885, the plaintiff obtained a rule upon the defendant for judgment for want of a sufficient affidavit of defence [act of February 11, 1847, P. L. 85], specifying as the grounds of insufficiency :

1. The allegation in the affidavit of defence that the consideration of the note was that the plaintiff would marry the defendant is in part true ; the only other consideration being that by such marriage plaintiff would forfeit her right to a U. S. pension of $96 and upwards per annum. But if even marriage was the only consideration, the note is in the nature of a marriage settlement, and the facts set forth as to the conduct of the plaintiff are insufficient to prevent a recovery or justify the granting of a divorce.

2. The general allegation that the note was in consideration of marriage and that the plaintiff failed after a time to live with defendant, is an insufficient allegation to prevent judgment from being entered against the defendant.

3. The defendant being, as stated in the affidavit, the husband of the plaintiff, is an incompetent witness to prove the facts stated upon the trial, and there is no averment that he will be able to prove any of the facts set forth by competent and legal evidence upon the trial of cause.

On September 6, 1886, the court, WHITE, P. J., filed the following opinion and decree :

The plaintiff here alleges that the affidavit of defence is insufficient to prevent judgment. Hence the application for judgment, notwithstanding the affidavit.

Were this a scire facias to revive a judgment between strangers, we incline to the opinion the averments of the affidavit, in so far as they recite a breach of the contract about the bond on which the original judgment was entered, would be insufficient. The situation here, however, is peculiar. There is one averment of the affidavit we must consider. It recites, inter alia, that the plaintiff and defendant are and have been husband and wife since March 13, 1883, and were such

when the original judgment was entered. It appears that the original judgment was entered on a bond with warrant of attorney given by the defendant to the plaintiff before her marriage to him, and the original judgment was entered directly by the plaintiff, in her own name, without the intervention of a trustee, while she was the wife of the defendant. This scire facias is issued in the same way. The husband, defendant, is resisting judgment on this scire facias. Thus, then, we have before us, or alleged by the affidavit of defence, an adversary proceeding on a judgment by the wife against the husband. Is the condition of things developed by the affidavit sufficient to halt the plaintiff in her demand for judgment? It raises a peculiar question.

It is entirely unnecessary to recite the long array of authorities which establish the principle that at common law no suit will lie between husband and wife. They, husband and wife, are treated as one person. Actions at law require parties to carry them on, and husband and wife cannot, by this common law, be parties, for they are but as one person. Our statutes make certain kinds of actions, or rather certain circumstances, exceptions to this rule. The act of April 11, 1856, P. L. 315, allows the wife, through the name of a next friend, under certain circumstances, to sue the husband. Then, again, by the act of June 11, 1879, P. L. 126, under the same or similar circumstances, the wife, without using the name of a next friend or trustee, can sue the husband. In these cases, however, where defence is taken, it is necessary for the wife, plaintiff, to affirmatively show the existence of the facts and circumstances indicated by the acts of assembly authorizing the actions. In our reflections, now, about the application before us, we can recall no adversary proceeding by the wife against the husband without the intervention of the name of a trustee or next friend, on any matter of contract, that has been sustained, except in that class of cases authorized by statute.

We will not now discuss the reason of this rule. Sufficient to say, it is founded on considerations of public policy. The desire of our law has been to preserve the harmony of the domestic relations. While it is quite true there are cases in our books, where judgments given by the husband directly to the wife and executions issued thereon have been sustained,

yet, in those cases, such process has not been considered adversary, but all proceedings have been voluntarily suffered by the husband. Here we have a contention. The affidavit of defence avers, the wife sues, and the defendant husband resists. This averment of the affidavit we consider sufficient, at this stage of the case, to prevent judgment. What will be the effect of the entry of the original judgment without any application or effort of the defendant to open or destroy, we do not feel required now to decide. This affidavit of defence informs us, for the first time, the parties to the judgment are husband and wife and that adversary proceedings are here pending. We decide here nothing more than that the averments of the defendant, that the parties to this litigation are husband and wife, require us to refuse judgment on the pending motion.

Rule for judgment discharged.

The plaintiff then took this writ assigning said decree as error.

*Mr. J. A. C. Ruffner*, for the plaintiff in error:

1. When the note was given the plaintiff was unmarried and competent to contract. No trustee was necessary. The scire facias is but a proceeding to continue the lien of the judgment in the original action: Edwards's App., 66 Pa. 89.

2. That a man may confess or suffer judgment against him by his wife, without the intervention of a trustee, and that she may have execution to enforce payment, without his consent, is now the settled law: Rose v. Latshaw, 90 Pa. 240; Benson v. Maxwell, 105 Pa. 276.

3. The alleged conduct of the plaintiff as set forth in the affidavit of defence, is not sufficient to entitle the defendant to a divorce, and his withdrawal from her home was such a desertion as conferred upon her the right to bring suit against her husband or any other person or persons, without a trustee or next friend: act of June 11, 1879, P. L. 126; § 4, act of June 3, 1887, P. L. 332.

*Mr. M. C. Watson*, for the defendant in error, filed no brief.

OPINION, MR. JUSTICE WILLIAMS:

This was a scire facias sur judgment in the usual form to revive and continue the lien. The writ warned the defendant

to show cause, if any he had, why the original judgment standing in full force upon the records of the Court of Common Pleas of Indiana county should not be revived and its lien continued. If the consideration of the judgment had failed, or he had a defence growing out of the original equities to a part or all of the sum for which it was entered, it was his privilege to make application to the court to open it, and permit him to defend on original grounds ; but, so long as the judgment remained unassailed, no inquiry could be made into the consideration upon the trial of the scire facias. The affidavit of defence filed in this case overlooked this distinction. It alleged that the bond on which the judgment was entered was given in consideration of the plaintiff's promise to marry him and live with him as his lawful wife. It then sets out the fact that she did marry him, and that she lived with him as his lawful wife for some time, but that her treatment of him was so unkind as to force him "to withdraw and depart from her place of residence." This certainly discloses a good consideration for the bond in the promise of marriage, and as the promise was performed by the fact of marriage and by living with defendant as his wife for several months, it cannot be said that the consideration has failed. It is true the defendant has chosen "to depart and withdraw from" his wife's residence, and that he alleges this was rendered necessary by her unkind treatment of him, but we cannot refuse for that reason to continue the lien of this judgment. If the defendant is justified in thus withdrawing from the residence of his wife, it may be that a decree in divorce will be procured by him annulling the marriage contract, but at present that contract is in full force, and, so far as we are informed by the affidavit, the plaintiff is ready and willing to live with defendant as his lawful wife. The question of the degree of domestic felicity which the defendant is entitled to enjoy, is one upon which the courts cannot enter on the trial of a scire facias to revive and continue the lien of the judgment.

It is probable that the learned judge of the court below entertained the views we have expressed upon the general character of the affidavit, for he seems to have placed his ruling on the ground that the affidavit discloses the fact that the plaintiff and defendant are husband and wife, and that no trustee or

next friend appears for the wife. But it must be borne in mind that the judgment bond was given before the marriage, and made payable to the woman with whom he was about to enter into the bonds of matrimony. It would seem that judgment was duly entered on the first before the second of these bonds was entered into. The bond was, therefore, given to and judgment entered in favor of a single woman. What the plaintiff now seeks is the preservation of her lien.

It would be a strange inconsistency in the law if the defendant, after having induced the plaintiff to marry him, by confessing a judgment in her favor while she was yet single, could set up her coverture, the result of performance of the contract on her part, as a reason for defeating the lien of the judgment and depriving her of the security he had given her to induce the marriage. Fortunately such an inconsistency cannot be charged to the law in Pennsylvania. In Rose v. Latshaw, 90 Pa. 238, it was held " that a husband may confess or suffer a judgment to be entered against him, in favor of his wife, without the intervention of a trustee, and execution may lawfully issue thereon." In the opinion of the court the rule is stated to be that when a husband " confesses a judgment in favor of his wife, or wittingly suffers it to be entered by default," it is a valid judgment as to the husband, and his creditors cannot impeach it except for fraud. If the judgment is valid, and execution may issue upon it without the intervention of a trustee, it is quite clear that the wife is entitled to use the ordinary process for the preservation of the lien of her judgment.

The question is not now one of the right of the wife to collect the judgment by execution against her husband's consent, but of her right to preserve her security. This, we think, she may do, and as this is the only question raised, the case must go back for such further order as may be required.

> The record is remitted to the court below with directions to enter judgment against the defendant for such sum as to right and justice may belong, unless other legal or equitable cause be shown why such judgment should not be so entered.