Hand, J.,
The question of judgment in this ease has been before this court, and it is reported in 118 Fa. 501. The sole question now is whether an execution may issue at the instance of the wife without the consent of the husband. The law is reasonably progressive. There is no stronger evidence of this than the statutes of this commonwealth and the decisions of this court on the subject of the rights and privileges of married women. If the curious wish to verify this, it may be found in the reasoning of Agnew, J., in Williams’s Appeal, 41 Pa. 308 ; Trunkey, J., in Rose v. Latshaw, 90 Pa. 238, and Williams, J., in the case between these same parties, cited above.
Were we seeking for another reason than the logic of the law, it might be found in the facts of this case; that the bond on which judgment was entered was given in consideration of the plaintiff’s promise to marry the defendant and live with him as his lawful wife; that she did marry and live with him; that, for the sake of this home, she gave up her pension, her means of support; that, for some cause, husband and wife are living apart, each averring a desertion, or what amounts to the same thing. The law for many years abhorred its beneficent use as a source of contention between husband and wife; but it has found that sources of discord, worse than an execution, can creep in and mar the family harmony; and, in fact, if it depends on the delicacy of the law to interfere, it is leaning on a broken reed. It is perhaps well that people should learn that conjugal .happiness should be sought from other sources than law.
When this case was here before, it was said, by way of quotation, that a lawful execution may issue upon such a judgment. We are of the same opinion still.
The judgment of the lower court in making the rule absolute is reversed and the record is remitted for the purpose of execution.
J. C. S.