DANIEL FREILER ET AL. v. F. G. KEAR ET AL.

ERROR TO THE COURT OF COMMON PLEAS OF SCHUYLKILL COUNTY.

Argued February 21, 1889—Decided May 20, 1889.
[To be reported.]

1. A married woman, joined with her husband, may maintain an action against a firm of which he is a member, and recover damages for a breach of covenant in a lease of her real estate, the husband, though served with the writ, making default of appearance and plea.
2. The firm acquires no interest in the right of the husband to make the defence of coverture; it is as exclusively his right before, as after, the partnership was formed, and the other partners cannot use it them-

selves or require the husband to use it to shield the firm from the just claims of its creditors.

3. Ritter v. Ritter, 31 Pa. 396; Miller v. Miller, 44 Pa. 170; Kutz's App., 40 Pa. 90; Rose v. Latshaw, 90 Pa. 238; Lahr's App., 90 Pa. 507, relating to the rights of a married woman in civil proceedings against her husband, commented upon and distinguished.

4. It is error to enter judgment on a question reserved non obstante veredicto, pending a motion in arrest of judgment and for a new trial: Penn. Salt Mfg. Co. v. Neel, 54 Pa. 9: Harper v. Keely, 17 Pa. 234, is not to be regarded as establishing a rule of practice on the subject.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS and MC-COLLUM, JJ.

No. 249 January Term 1889, Sup. Ct.; court below, No. 100 January Term 1885, C. P.

On December 1, 1884, Daniel Freiler and Barbara Freiler, his wife, in right of said Barbara, brought case against F. G. Kear and Daniel Freiler, trading as F. G. Kear & Co. The summons was returned duly served on both defendants. A declaration having been filed, defendant Kear pleaded, " nonassumpsit, payment, and payment with leave," etc. No other plea, either in abatement or in bar, was filed. Defendant Freiler did not appear, nor plead.

At the trial on September 29, 1887, before PERSHING, P. J., it was shown that F. G. Kear & Co. had leased a brewery from Barbara Freiler, the plaintiff, wife of Daniel Freiler, one of the members of said firm, at a yearly rental of $800, the lessees agreeing to keep the premises in good repair. They went into possession, and while in such possession as tenants, they did certain acts in connection with the erection of an ice-house which, as alleged and shown by the testimony, caused great injury to the demised premises.

At the close of the testimony, the defendant presented the following point for instructions:

1. The evidence being undisputed, that Barbara A. Freiler, in whose right this action has been brought, is the wife of Daniel Freiler, a defendant (and who is also made plaintiff with said Barbara), no separation being alleged, or in fact having at any time existed between them, this action cannot be maintained, and the verdict must be for the defendant.

To this the court made the following reply:

Answer : This raises a square question of law, and an important question. We will answer it in the negative for the present, and reserve it for consideration hereafter on motion in arrest of judgment, for new trial, or on rule for judgment non obstante veredicto.

After instructions upon the whole case, reserving the question raised by the foregoing point, the jury on October 6, 1887, returned a verdict for the plaintiff for $1,272.73. On October 10th, on motion, the time to file reasons for a new trial, etc., was extended ; and on October 17th, a motion and reasons in arrest of judgment and for a new trial were filed.

On January 3, 1888, a rule for judgment on the reserved question, non obstante veredicto, having been argued, the court, PERSHING, P. J., filed the following opinion :

This is an action to recover damages for injury done to the real estate of Barbara Freiler by the defendants, during the time it was occupied by them as her tenants. Nothing in the præcipe or declaration disclosed the relationship existing between Daniel Freiler, as a defendant, and Barbara Freiler. The undisputed evidence on the trial was, that at the time of the bringing of this suit they were living together, and continued to live together as husband and wife. Daniel Freiler, therefore, occupies the anomalous position of being both a plaintiff and a defendant in an action brought by his wife to recover unliquidated damages from himself and his partner in business. On this state of facts, the court was requested to instruct the jury that " this action cannot be maintained, and the verdict must be for the defendants." The court reserved the question of law thus raised, to be disposed of on a rule for judgment non obstante veredicto, should the verdict of the jury be in favor of the plaintiffs.

This is a very different case from that class of cases, of which Rose v. Latshaw, 90 Pa. 238, stands on the verge, and in which it has been held that a husband honestly indebted to his wife may, without the intervention of a trustee, confess a judgment in her favor and suffer an execution to issue thereon. The proceeding in the present case has been adversary throughout. Daniel Freiler was brought into court by a summons, and on the trial was called by his wife as a witness under the act

of 1869, as for cross-examination. No statute authorizes this
suit, nor can I find a case which has gone to the extreme
length necessary to sustain it. In § 3, act of April 11, 1856,
P. L. 315, which is a supplement to the married woman's act
of 1848, and which gives to a married woman a separate action
to protect her reputation or recover her separate earnings and
property in three cases, viz.: where her husband deserts or
separates himself from her, when he neglects or refuses to
support her, and when she has been divorced from bed and
board, there is a proviso that if in either case her husband is
the defendant, her suit must be brought in the name of a next
friend. That this statute can have no application to the case
in hand will be seen by a reference to some of the decisions of
the Supreme Court. Thus, in Ritter v. Ritter, 31 Pa. 396, it
was held that a married woman, even by her next friend, could
not maintain an action of debt against her husband on a note
given for money borrowed from her during coverture; that
such an action was not authorized by the act of April 11, 1848,
or any of its supplements. Kutz's App., 40 Pa. 90, was the
case where a married woman lent her money to a firm, one of
the members of which was her husband, and received their note
for the amount. The firm made an assignment and the wife
was permitted to participate in the distribution of the assets.
Justice STRONG, said: "It is clear that at law the appellant
(the wife), could have maintained no suit against the pro-
misors in the note. Ever since the act of 1848, a married
woman cannot maintain an action against her husband on a
contract made during coverture, even though she sues by her
next friend," citing Ritter v. Ritter, supra. In Miller v.
Miller, 44 Pa. 170, the wife, in the name of her next friend,
brought an action of covenant against her husband to recover
damages for permitting waste and destruction of her real es-
tate. Notwithstanding the contract was an ante-nuptial one,
"of course valid and binding between the parties," said the
court, and the further fact that her husband had separated
himself from her prior to the suit, it was held that she could
not recover. It was also expressly decided in that case that
an action for unliquidated damages merely, for breach of cove-
nant, is not an action for the recovery of property within the
meaning of the act of 1848, or of the act of April 11, 1856.

"It could scarcely be pretended," said Judge PEARSON, whose opinion was adopted by the Supreme Court, "that she (the wife), could recover damages from her husband on account of a battery of her person, under the provisions of this act, or that she could sue him for stoning her house, or diverting a water course on her farm. The legislature has undertaken to enumerate the cases in which she may sue, and all others are omitted."

Subsequent decisions have not shaken these cases, and they are decisive of the question before us. Public policy, which is said to be but another name for the public good, the foundation of all law, has ever been invoked against litigation between husband and wife. To the extent that statute law authorizes such litigation, it must be obeyed, but beyond that we are unwilling to go.

A motion for a new trial is also pending, which will not now be disposed of.

And now, January 3, 1888, it is directed that judgment be entered for the defendants non obstante veredicto.

Judgment having been entered as directed, the plaintiffs took this writ, assigning as error the order entering judgment for the defendants non obstante veredicto.

*Mr. Geo. J. Wadlinger* (with him *Mr. John A. Nash* and *Mr. Charles N. Brumm*), for the plaintiffs in error.

*Mr. David A. Jones* (with him *Mr. Seth W. Geer*), for the defendants in error.

OPINION, MR. JUSTICE McCOLLUM:

Barbara Freiler, wife of Daniel Freiler, leased a brewery building with the appurtenances and fixtures to F. G. Kear and Daniel Freiler, partners under the firm name of F. G. Kear & Co., upon their agreement to pay her an annual rent of $800, keep the premises in good repair, use the same in a proper manner during the tenancy, and at the end of it deliver to her the premises and fixtures in the same condition they were in when taken, "natural wear and tear only excepted." When the tenancy was determined by the act of the parties, she complained

that the lessees had failed to comply with their agreement respecting the use, care, and surrender of the demised property, and brought this action to recover the damages she had sustained by reason of their breach of it. Both partners were summoned, a declaration was filed, and a rule to plead was entered and served upon them, but there was no appearance or plea by or for Daniel Freiler. We copy from the record the only pleas filed in the case, to wit: " F. G. Kear, one of the defendants, pleads non-assumpsit and payment, payment with leave," etc. Upon the issue thus made the case was tried and when the evidence was closed defendant Kear, by his counsel, submitted the following point: " The evidence being undisputed that Barbara A. Freiler, in whose right this action has been brought, is the wife of Daniel Freiler, a defendant (and who is also made plaintiff with said Barbara), no separation being alleged, or in fact having at any time existed between them, this action cannot be maintained and the verdict must be for the defendant." The question raised by this point was reserved; the case was referred to the jury on its merits and there was a verdict " in favor of the plaintiff and against the defendant for $1,272.73." The court, upon consideration of the question reserved, entered judgment for the defendants non obstante veredicto.

The question presented for our determination is, whether a wife with her husband's consent can maintain an action against a firm of which he is a member, upon a lease by that firm of her separate real estate. We notice, first, the cases cited and relied on by the learned judge of the court below, to support his conclusion. Ritter v. Ritter, 31 Pa. 396, decided that a married woman cannot by her next friend maintain an action of debt against her husband, on a contract made during coverture, and that such an action is not authorized by the act of April 11, 1848, or its supplements. Miller v. Miller, 44 Pa. 170, admitted the validity of the contract sued upon, but decided that the right of action upon it was suspended during coverture. In these cases there was an appearance by the husband and a plea of coverture. In Kutz's App., 40 Pa. 90, a married woman lent to a firm of which her husband was a member, $5,000, upon the firm note dated November 25, 1845, and payable to her in one year with interest. On the 8th of August, 1857, the firm made an assignment for the benefit of its credi-

tors. On distribution of the fund arising from the assigned estate, the wife claimed the amount of the note with interest, and the claim was allowed. It was objected that her claim was barred by the statute of limitations, but this court held that the disability of coverture under which she was from the date of the note to the assignment, prevented the running of the statute, and that she was not barred of her claim in equity. This was an application, to a claim by a wife against a firm of which her husband was a member, of the familiar principle that where a wife has a cause of action against her husband the statute does not run against it during coverture: Towers v. Hagner, 3 Wh. 48; Marsteller v. Marsteller, 93 Pa. 350.

But these cases differ from the one at bar, in that the element of consent or default by a husband was not in them. We have departed from the common law rule, on this subject, to the extent of permitting a husband to confess a judgment directly to his wife for a debt he owes her, and of allowing her with his consent to have execution on such judgment and to sell his property: Rose v. Latshaw, 90 Pa. 238, and Lahr's App., 90 Pa. 507. There is nothing in this consent or default of the husband, if there is no taint of fraud in it, of which third parties can complain. A judgment confessed by the husband to his wife cannot be set aside or impeached by his creditors on the ground of the legal unity of the parties to it. That is no concern of theirs. They may attack it for fraud, as they may attack a judgment confessed to other parties that is fraudulent as to them. It is only the husband who can object to a suit against him by his wife, and if he chooses to confess or suffer judgment in the suit, domestic peace is not disturbed by it, and strangers will not be allowed to object except when such action is in fraud of them. If a husband may confess or wittingly suffer a judgment in favor of his wife against himself for a debt due her from him, why may he not confess or suffer judgment in her favor for a debt due her from a firm of which he is a member? As a partner he may confess a judgment for a firm debt and on such judgment the property of the firm may be sold: Ross v. Howell, 84 Pa. 129. His authority in this respect is not taken away or abridged by the fact that his wife is the creditor of the firm; and he may exercise it for her protection, with as much reason and propriety,

as for the security of any other creditor. While he may object to a suit by his wife against himself, and perhaps to her suit against the partnership of which he is a member, upon the ground of the legal unity created by the marriage, his partners cannot. They have acquired no interest in the right of the husband to make this defence ; it is as exclusively his right now, as before the partnership was formed, and they cannot use it to shield the firm from the just claims of its creditor. It matters not to them whether that creditor be the wife of their co-partner, or a stranger ; and the husband is under no legal or moral duty to interpose a technical defence which he alone can make, to defeat or postpone an honest claim of his wife against the firm, simply because he is a member of it. As it is established by the verdict of the jury, in an issue which affected only the merits of the claim, that Kear & Co. are indebted to Mrs. Freiler in the sum of $1,272.73, upon their agreement with her by which they obtained the possession and use of her separate real estate, they ought in equity to pay it, and she may, with her husband's consent, have judgment for it.

> The judgment is reversed, and now judgment is entered on the verdict in favor of the plaintiff and against the defendant for $1,272.73 with interest thereon from October 6, 1887, and costs.

On June 7, 1889, a modifying order was filed, as follows :

Our attention has been called to the fact that a rule for new trial is pending in the court below, and we are asked to modify the judgment entered on the 20th of May last, to the extent of striking out the judgment against the defendant. This, in order to prevent possible injury and injustice, we have concluded to do. It is proper to say, however, that we do not approve the practice of entering judgment non obstante veredicto, while a motion or rule for new trial is undisposed of. It is probable that the learned judge of the court below pursued this course in the belief that it was authorized by the decision in Harper v. Keely, 17 Pa. 234; but we do not regard that case as establishing a rule of practice on this subject. In Penn. Salt Mfg. Co. v. Neel, 54 Pa. 9, it was held that entering judgment on a reserved question substantially overrules a motion for new trial, without distinct action upon it.

We strike out the judgment against the defendant and award a procedendo, so that our judgment shall stand.

Judgment reversed and procedendo awarded.