## Meade *v.* Clarke et al., Appellants.

*Deed—Acknowledgment—Married women—Creditors.*

Where a married woman executes and delivers a deed for land, and receives the purchase money, but does not acknowledge the deed until several months after its execution, her creditors who have in the meantime obtained a judgment, acquire no lien upon the land conveyed, and cannot set up the grantor's disability to defeat the conveyance.

*Ejectment—Amendment—Abstract of title.*

In an action of ejectment, where the abstract of title omits matters of defence which are material and relevant, the court should permit an amendment of the abstract, so as to include such omitted matters upon such terms as may be equitable.

Argued Nov. 1, 1893.    Appeal, No. 219, Oct. T., 1893, by defendants, William Clark et al., from judgment of C. P. No. 2, Allegheny Co., Oct. T., 1892, No. 495, on verdict for plaintiff, K. T. Meade.    Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL, DEAN and THOMPSON, JJ.

Ejectment.    Before EWING, P. J.

At the trial it appeared that, on June 10, 1891, Mrs. Harriet E. Oates, a married woman, executed and delivered a deed for the land in question to Albert Davies.    Her husband joined in the deed, and the purchase money, which was fair in amount, was paid to Mrs. Oates.    The deed was not acknowledged at the time, but on Jan. 4, 1892, it was acknowledged by both husband and wife, and subsequently placed upon record.    In the meantime, in October, 1891, judgment was obtained against Mrs. Oates and her husband, and a sheriff's sale of the land was made in July, 1892, to the plaintiff here.    Davies rented to Clark et al., who were in possession.

At the trial, defendants moved the court for leave to amend their abstract of title as follows :

" That the judgment of No. 461 Oct. T., 1891, of your honorable court, and which is the foundation of the sheriff's sale and of the plaintiff's title as set forth in the second step of plaintiff's abstract, is fraudulent and void in this, that, at the time the suit, upon which said judgment was obtained and upon which the sheriff's sale was made and which is the foundation of plaintiff's title, was brought, Mrs. Oates, the defendant therein, called upon Mr. Meade, who at that time and theretofore had been her counsel and acting as her attorney, and laid before him the information that she had been sued by Mrs. Caddick, the plaintiff therein, and asked him what she should do about the matter ; that Mr. Meade told her that he was compelled to bring suit and to bring it without notice to her, and that he would see that no trouble arose about the matter, and that he would look after it for her ; that subsequently he entered a judgment in default of an appearance against her ; that subsequently she received from him bills for services rendered to her, which she paid ; that she importuned him to have the judgment opened afterwards, which was refused by him ; that subsequently he issued a fi. fa. at No. 54, April T., 1892, upon which said property in question was condemned, and subsequently a vend. ex. ; that the said property was advertised for sale by the sheriff, and a few days before the sheriff's sale, to wit, on July 1, 1892, it was agreed that the question of whether the money was due or not should be submitted to arbitrators, and the question as to her real defence, to wit, that she was a married woman and not liable under the contract, was excluded by Mr. Meade from the arbitration ; that in the month of July the property was exposed for sale and purchased by said K. T. Meade, her attorney.

" Counsel for plaintiff object to the above amendment for the following reasons :

" (1) This suit was brought Sept. 9, 1892, plaintiff's abstract was filed Sept. 21, 1892, and defendants' abstract setting forth their title and the facts on which they relied for defence was filed Jan. 5, 1893 ; and it is now too late to amend their abstract and to introduce an entirely new defence, especially since it would almost necessarily delay the cause and permit the de-

fendants to retain possession and collect the rents. (2) The record at No. 461, Oct. term, 1891, shows that after the judgment which the proposed amendment alleges was fraudulently obtained, there was an agreement between the plaintiff and the defendant therein to refer the question of the indebtedness to arbitrators, and that the arbitration subsequently found in favor of the plaintiff, and sustained the judgment then entered which became final and conclusive, and that it was by the mutual consent and agreement of the parties in said action, and not by Mr. Meade, that the married woman's question was excluded, which record and agreement we submit in support of our objection. (3) There is no allegation that the alleged facts are newly discovered, nor could there be, for the record shows that the same attorneys that represent the defence in this case appeared for the defence at No. 461, Oct. T., 1891, and they will not deny that the same allegations were urged before the arbitrators early in July, 1892."

Objection sustained, and the court refused to permit the proposed amendment to defendants' abstract of title. [2]

Defendants' points were among others as follows:

"2. That if the jury believe that the deed of Harriet E. Oates to Alfred Davies, dated on the 10th of June, 1891, was made at that date, that it was signed by both Harriet E. Oates and her husband and delivered to Alfred Davies for a good consideration, and possession of said land delivered to said Davies, and that it was done in good faith, and that it was placed of record before the sheriff's sale, at which plaintiff purchased the land in question, and that said plaintiff had notice of said conveyance by Mrs. Oates to Alfred Davies, constructive or otherwise, then said deed of Harriet E. Oates to Alfred Davies conveyed the land in question by good title to Alfred Davies, and the said plaintiff took nothing by his sheriff's deed, and their verdict should therefore be for the defendants." Refused. [4]

Verdict and judgment for plaintiff. Defendants appealed.

*Errors assigned* were (2) refusal to permit amendment of abstract of title ; (4) instructions, as above, quoting them.

*James S. Young, S. U. Trent* with him, for appellants, cited: Act of March 21, 1806, 4 Sm. L. 329 ; Morris v. McNamee, 17

Pa. 180; Milligan v. Phipps, 153 Pa. 209; Adams v. Grey, 154 Pa. 258; Bauck v. Swan, 146 Pa. 449; Act of June 3, 1887, P. L. 332; Latrobe etc. v. Fritz, 152 Pa. 224; Koechling v. Henkel, 144 Pa. 215.

*K. T. Meade, James C. Doty* with him, for appellee, cited: Koechling v. Henkle, 144 Pa. 220; Abell v. Chaffee, 154 Pa. 257; Adams v. Grey, 154 Pa. 258; McCormick v. Bottorf, 155 Pa. 333.

OPINION BY MR. JUSTICE WILLIAMS, December 30, 1893:

Rules of court are devised and enforced by the courts to facilitate the administration of justice. This is accomplished by requiring the parties litigant to disclose to each other the nature of their demand or defence, and narrowing the range of inquiry to questions that are subjects of actual controversy. Their enforcement should not be insisted on when such a course will defeat the purposes they are intended to serve. For this reason it is usual to allow an omission made in the preparation of an abstract or a notice of special matter to be supplied by amendment, upon such terms, as to continuance or costs, as shall be fair to the other party. As this case appears to us on the printed pages of the paper books it would seem that the motion for leave to amend the defendants' abstract should have been allowed. The omitted line of defence was held by the learned judge to be relevant and material. Without it, justice could not be reached; and for want of it a verdict was directed in favor of the plaintiff.

But we prefer to rest our judgment in this case on a more important question. It was raised on the following facts: Mrs. Oates was the owner of the property in controversy prior to June, 1891. On the tenth day of June, 1891, she sold it to Alfred Davies and delivered possession to him. The price was a fair one. The sale was made in good faith. A deed was prepared and executed by both husband and wife on the same day the sale was made, and it was delivered to Davies at his request to show to his mother. It was acknowledged in due form some six months later and put upon record. Meantime, in October, 1891, a judgment was obtained in the common pleas of Allegheny county against Mr. Oates and his wife, upon

which a sheriff's sale took place in July, 1892.   The plaintiff, K. T. Meade, was the purchaser, and, upon his title acquired under the sheriff's deed, he brings this action of ejectment against Davies and his tenants or vendees.

On the trial the defendants asked the court to charge the jury that, if the sale by Mrs. Oates to Davies was made in good faith and for an adequate price on the tenth day of June, the judgment entered in October was not a lien upon the land, and that the sale by the sheriff conferred no title.   The learned judge refused this prayer for instructions.   If Mrs. Oates had been seeking to avoid her unacknowledged deed, the rule laid down in Kirk v. Clark, 59 Pa. 479, on which the learned judge relied, would have been applicable.   It was applied in Glidden v. Strupler, 52 Pa. 400, where the married woman repudiated her own agreement, and in Kirk v. Clark, where her heirs at law asserted her title against her vendee ; but I have been able to find no case in which her creditors have been allowed to assert it for her and against her will.   Let it be conceded that the judgment against her was a lien upon real estate owned by her at the date of its rendition.   Let it be conceded further that her unacknowledged deed did not bind her, and that she might have recovered the land conveyed by it from her vendee without returning to him the purchase money she had received. The question still remains, can a creditor compel her to be unjust to her vendee against her own will?   As matter of fact she had sold her property in June, received the purchase money, and delivered possession to the purchaser.   As matter of law she was not bound by her bargain until her deed was duly acknowledged.   She had the right to repudiate the sale, or to perfect it by joining her husband in a proper acknowledgment of her deed.   Which she would do she had the power to determine.   She decided to be honest, and accordingly acknowledged the deed.   She is bound by her decision.   Her deed vests her title irrevocably in her vendee, and all claiming under her are bound, as she is, by it.   A creditor who obtained a judgment four months after she parted with her property and delivered possession to the purchaser, claims the right to set up her disability to defeat a conveyance made in good faith, and perfected in a manner which the law declares to be binding upon her. This cannot be done.

Disability, whether arising from infancy, or coverture, or lunacy, is declared for the protection of the person on whom the disability rests.   An infant can ratify after reaching a proper age.   A lunatic can ratify after the return of sanity.   A married woman may ratify after the coverture terminates; but as her disability results from the unity of husband and wife she may bind herself at any time during coverture by complying with the requisite legal formalities.   In Grim's Appeal, 105 Pa. 375, it was held that a married woman was bound to the same measure of good faith as other persons in like cases, except where her disability rendered her act void.   In such a case she is not bound by the rules relating to estoppel, but is at liberty to use her disability as a shield against the remedies applicable to other persons.   Whether she will keep faith in that class of cases she alone must determine, or those on whom the law casts her right at her death.

The nearest case to this, in the question raised, is Freiler v. Kear, 126 Pa. 470.   The wife in that case owned a brewery. She leased it to a firm of which her husband was a member. They were in arrears for rent.   She brought suit in the name of her husband and herself for her use against F. G. Kear and Freiler her husband, trading as F. G. Kear & Co.   The court below held that the action could not be maintained and that Kear could avail himself of the objection that the plaintiff was the wife of his partner and codefendant.   This court reversed the judgment, holding that the husband alone could raise the question, and " that the objection of coverture could not be insisted on by a stranger to invalidate such proceedings and judgment, when waived by the husband."   He might have been heard to deny his wife's right of action against him, but he did not choose to deny it.   His partner could not compel him to do so.

Mrs. Oates might have repudiated her deed at any time before its acknowledgment, but she did not choose to do so.   No one else could do it for her, or compel her to do it.   She had sold her property and had its price.   She had delivered possession and her deed to the purchaser; but the statutory proof of its execution was not made when the judgment was obtained against her.   This proof she soon after supplied, and the deed was then binding according to its terms.   The title

of the purchaser related to its date; and as against a creditor who had no lien at that time, it went without incumbrance.

Under this view of the case it is unnecessary to consider the effect of the act of 1887 on the form of the acknowledgment by a married woman.

The fourth assignment of error is sustained and the judgment is reversed.

As this is conclusive of the case a venire will not be awarded.