## STUCK *et al.* v. REESE.

1. ATTORNEY'S POWER TO BIND CLIENT. An attorney retained to secure the possession of real estate by legal proceedings cannot bind his client by an agreement to pay the party in possession a sum of money in consideration of the surrender of the possession.

*Appeal from Lee District Court.*

TUESDAY, ·OCTOBER 6.

THE facts sufficiently appear in the opinion of the Court.

*Semple & Kinley* for the appellant.

*F. O. Dorr* for the appellee.

LOWE, J.— Action of right, in which the defendant admitted that the legal title to the premises was in the plaintiffs, and assented on the trial thereof that a judgment should be rendered for the plaintiffs *pro forma;* subject to a legal question which the defendants would raise on a motion for a new trial. The point of law propounded on the hearing of said motion was predicated of the following facts : Francis O. Dorr, who had been constituted the attorney of the plaintiffs, (who resided in Ohio,) to obtain the possession of said land for . them, entered into the following agreement with the defendant at the date therein specified :

" It is hereby agreed, that provided Samuel Stuck and Caroline Stuck shall pay to Joseph Reese two hundred and seventy-five dollars, on or before the 1st day of March next, said Reese will surrender the ninety-nine acres of land belonging to them in Franklin township, Lee county, Iowa, formerly belonging to G. Condit and now cultivated by said Reese.   December 28th, 1860."

The facts disclosed in the evidence in connection with this agreement, are that the plaintiffs on being informed by

their attorney, Francis O. Dorr, of this agreement, dis-affirmed the same as invalid and unauthorized, and that they should refuse to ratify the same, of which the defendant was duly notified, by the said Dorr, before the suit was commenced. The evidence as set forth in the bill of exceptions, shows that the plaintiff, Samuel Stuck, had been out in this State sometime prior to the making of said contract, and attempted himself to make a settlement with the defendant for the possession of said land; but failing he employed Dorr as his attorney to act for him in the case. Dorr, in his evidence, testified that no special power had been given to him to make said contract, nor other power except that conferred by his retainer, under the circumstances above stated.

Conceding the legal title to be in plaintiffs, yet in view of the above facts and the aforesaid agreement, the question is raised whether the plaintiffs are entitled to recover possession before the payment of the $275. The Court held to the affirmative of this proposition, overruled the motion, and entered judgment for plaintiffs. This ruling was so obviously right, under the circumstances, that we have no hesitation in affirming the judgment.

Affirmed.