## HARRISON V. KIRKBRIDE.

1. The relation of attorney and client is one of limited agency in respect of the suit or matter in hand. Without specific authority the attorney can not bind the client by contract relating to specific property.
2. Where property under mortgage or execution in a pending suit is voluntarily taken by the judgment creditor, or so used as to change the title or deprive the debtor of his property without pursuing the prescribed methods, the debt is gone although the creditor does not realize full payment.
3. So if the officer in charge of the property, instead of pursuing the prescribed mode of sale, wastes the property or experiments with methods not recognized by law, the debt is discharged and the plaintiff's remedy is against the officer. But if plaintiff is a party to the irregular proceedings, his remedy is gone and the judgment is satisfied.

HOSEA, J.

Suit is to enjoin the sheriff of Hamilton County from levying an execution for a balance of $238 upon a judgment rendered by the Common Pleas Court of Hancock County, Ohio. It appears that upon suit filed in that court Oct. 27, 1899, by *Joseph A. Kirkbride* v. *J. T. Harrison, W. L. Perkins* and the *Karg Oil & Gas Co.,* to foreclose a mechanic's lien upon a certain oil-lease of lands in said county, and an "oil-well rig" erected thereon, said court, at its April term, 1900, found the sum of $314 due from defendants and decreed, in default of payment within three days, a sale of the property by the sheriff of said county in satisfaction of the debt, as upon execution.

The defendant, Kirkbride, by answer claims that by agreement of Harrison, Perkins and the Karg Oil & Gas Company with himself, the oil-well rig was sold by said parties for $135, which was paid into the Hancock Common Pleas Court to be credited upon his said judgment; that said sale was private and agreed to by this plaintiff, who waived his rights therein; and he admits that said sale did not

include the leasehold; and he denies that the judgment is satisfied, and prays dissolution of the temporary injunction heretofore entered in this case.

The testimony taken by Kirkbride tends to prove a verbal argument between his counsel and the counsel of Mr. Harrison, Mr. Perkins and the Oil Company, subsequent to the decree, authorizing him (Kirkbride's counsel, Mr. Doty), to sell the rig for $135, which he did. No other testimony on this point was offered by Kirkbride; but Mr. McConica, counsel for Harrison and the Oil Company, testifies denying such authorization and declaring that the talk was tentative merely as a proposal to obtain the consent of the clients to such course.

There is also testimony showing that the value of the rig was very much less when sold to be removed—as was the case here—although the purchaser (a brother of Kirkbride) resold shortly afterward at $166 for use near by; and that the rig was worth $300 to $350 in place in connection with the lease. Kirkbride also offered proof to show that the lease was of no value, which proof was not convincing.

It is manifest upon this state of fact—(1) That the defense of authority to sell the oil-well rig is not maintained. Proof of a contract of this nature made with attorneys as such, with nothing more, does not tend to prove—much less prove—the agreement alleged in the answer.

It is well established that the relation of attorney and client is one of limited agency, with respect to the suit or matter in hand; and ordinarily there is no implied power to do more than relates to the proper conduct of the suit. He can not, without specific authority, bind his client by contract, nor enter into agreements respecting his client's property. *Hagerman* v. *Bates,* 5 Colo. App., 391; *Brooks* v. *Kearns,* 86 Ill., 547; *Stuck* v. *Reese,* 15 Iowa, 122; *Ry. Co.* v. *Egbert,* 151 Penna. St., 53; *Garret* v. *Hanshue,* 53 O. S., 482.

In *Beard* v. *Westerman,* 32 O. S., 29 (32), the point decided is substantially identical. I quote from the opinion:

"One Lovell, an attorney of Westerman (plaintiff below),

was offered to prove that by agreement between himself as such attorney, and Beard, the latter was to take possession of and sell the (mortgaged) property. This testimony was ruled out and properly so. There is nothing to show that Lovell, as attorney of Westerman, was authorized to make such an agreement. He was employed to bring suit and collect the notes, but that does not authorize him to make the contract proposed to be proved." (Citing *Wilson* v. *Jennings,* 3 O. S., 528; *Card* v. *Waldbridge,* 18 O., 411).

(2) With this point disposed of, the case stands upon the voluntary taking and conversion of the mortgaged property by the judgment creditor, pending a decree in foreclosure; and it is clear, as matter of law, that the execution under consideration here has no legal validity.

It does not appear whether the original petition in the foreclosure suit asked also for a personal judgment or not; but this is not material because the court entered merely the ordinary decree in foreclosure finding an amount due, and decreeing sale of the property in satisfaction of the debt. This is not a personal judgment and execution can not issue upon it except for a balance remaining after the exhaustion of the mortgaged property by public sale under the decree, and upon a new suit based on such finding. *Conn* v. *Rhodes,* 26 O. S., 244; *Doyle* v. *West,* 60 O. S., 438 (443-4).

As the testimony shows that there has been no attempt to enforce the decree, it is obvious that there can be no valid execution against other property of the judgment debtor.

(3) But this is not all. In this case, the property was brought in *custodia legis* by the formal lien and the suit upon it. This point I had occasion to decide in the Pike's Opera House case, which was subsequently affirmed by the General Term (see reports in *Court Index,* June 19, 1903, and 49 O. L. Bulletin, No. 23, p. 401).

The decree finding the lien valid and ordering a sale by the sheriff had in equity an analogous effect to the levy of an execution in an action at law, and brings into opera-

tion a rule thus stated *In re Dawson,* 20 Abb. New. Cas., 188:

"The judgment is satisfied when the execution has been so used as to change the title or in some other way deprive the debtor of his property. * * * When the property is lost to the debtor, in consequence of the legal measures which the creditor has pursued, the debt is gone although the creditor may not have been paid. * * * The rule does not depend on satisfaction of the debt. It is that the debtor s property has been actually lost to him in consequence of the legel remedies which the creditor has pursued."

A further statement of the rule will be found in *Harris* v. *Evans,* 81 Ill., 420, as follows:

"The levy of an execution upon personal property subject to execution, of value sufficient to satisfy the debt, is of itself a satisfaction of the execution. No other levy could lawfully be made by virtue of that execution until the property levied upon had been sold in the regular course prescribed, and had failed to pay the debt. * * * *If the officer, instead of pursuing the regular mode of sale prescribed, wastes the property or experiments with modes of sale not recognized by the law, the debt is discharged and the remedy is against the officer. If the plaintiff is a party to the irregular proceedings, his remedy is gone and the judgment is satisfied."*

The principle set forth in these cases would govern the case in hand, even if a personal judgment had been rendered and execution issued. *A fortiori* it applies where a formal lien is acquired by the creditor, which is brought into court and a decree is rendered establishing its validity and ordering sale, pending which the judgment creditor takes manual possession and destroys the identity of the property, thereby rendering the further action of the court impossible. All presumptions arising upon these facts must be availed of for the protection of the judgment debtor; and among them is the presumption that the property was of sufficient value to satisfy the debt in the condition in which it stood under the lien and in the foreclosure proceedings. It is clear that by the irregular proceedings of the judg--

ment creditor, the debtor's property has been lost to him. It would be strange law that would authorize a judgment creditor, after obtaining a decree in foreclosure, to take and convert the thing pledged, allow such sum as he might choose as a credit upon the debt sued upon, and then, after nsurping the functions of the court thus far, obtain its aid in enforcing collection of such balance as he might then claim to be due. The statement of such a proposition carries its own refutation.

The injunction heretofore granted must be made perpetual and it is so ordered.

Judgment for plaintiff with costs; perpetual injunction ordered.

*B. C. Fox* and *J. T. Harrison,* for plaintiff.

*W. G. Kirkbride,* for defendants.